Appeal of Guido J. Gossy, a professional employe, from a decision of the Board of School Directors of The Allentown City School District, Lehigh County, Pennsylvania, and from the Order of John C. Pittenger, Secretary of Education, Commonwealth of Pennsylvania, at Harrisburg, Pennsylvania.

Guido J. Gossy, Appellant.

Argued December 4, 1975, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Fred Lanshe,* with him *James C. Lanshe, Jr.,* and *Lanshe, Lanshe and Lanshe,* for appellant.

*Edward A. Miller,* Assistant Attorney General, for appellee, *John C. Pittenger.*

*William G. Malkames,* for appellee, School District of the City of Allentown.

OPINION BY JUDGE WILKINSON, December 30, 1975:

The narrow issue presented to the Court in this appeal is whether a registered mail notice sent to a professional employee's attorney is notice to the employee within the requirements of Section 1130 of the Public School Code of 1949 (Code), Act of March 10, 1949,

P. L. 30, *as amended,* 24 P. S. §11-1130. This Section provides:

"A written notice of any decision of the board of school directors discharging a professional employe, shall be sent by registered mail to such professional employe at his or her last known address within ten (10) days after such hearing is actually concluded." We hold that it does.

The same question arose under a similar provision in The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §853. In *Yeager v. United Natural Gas Company,* 197 Pa. Superior Ct. 25, 29, 176 A.2d 455, 456 (1961), Judge WOODSIDE, speaking for a unanimous court, stated:

"Under these circumstances, there can be no question that notice of the referee's award received by the claimant's counsel constitutes notice to the claimant. Even without the 'lack of proper address' and the 'arrangements . . . with the local Referee's office,' notice of an action by a court, board or commission given to the counsel of a party is considered notice to the party, except under a few rare circumstances not here present." (Citations omitted.)

In the instant case, appellant, a professional employee working for the Allentown School District and prior to September 1, 1972, assigned as principal of a junior high school, was notified that effective September 1, 1972, his status would change from principal to science teacher. Since this constituted a demotion, the appellant was entitled to, requested, and received a hearing. The last session of the hearing was held on February 1, 1973. The Board's decision affirming the demotion was sent by letter dated March 30, 1973, and dispatched by certified mail addressed to appellant's attorney who received it on April 2, 1973. A copy was dispatched by regular mail to the appellant.

In excess of 84 days after the notice was received by appellant's attorney, the appellant filed an appeal to the

Secretary of Education. Holding, as we do, that the notice to the appellant's attorney fulfilled the requirements of the law, clearly the Secretary of Education was correct in ruling that the appeal was too late under the provisions of Section 1131 of the Code, 24 P.S. §11-1131, requiring the appeal to be filed within 30 days of the receipt of notice.

Appellant argues that the School Board did not comply with the provisions of the law in that its decision was not rendered within 10 days, that he did not receive a complete official transcript, and that the School District's solicitor served in the dual capacity of prosecutor and advisor to the Board. Any or all of these arguments may or may not have validity. However, since the appeal time had passed before the Secretary of Education received the appeal, neither he nor this Court can pass on them.

Accordingly, we enter the following

ORDER

Now, December 30, 1975, the order of the Secretary of Education, dated September 13, 1973, dismissing the appeal of Guido J. Gossy, is affirmed.