469 A.2d 680

**Joseph A. EAGAN, Appellant,**

v.

**U.S. EXPANSION BOLT COMPANY.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 1983.

Filed Dec. 23, 1983.

John F. Naulty, Philadelphia, for appellant.

Louis Podel, Philadelphia, for appellee.

Before SPAETH, President Judge, and CAVANAUGH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting appellee's motion for summary judgment. Finding no merit in appellant's claim, we affirm the judgment of the court below.

In April, 1975, appellant Joseph Eagan filed a complaint in assumpsit against appellee U.S. Expansion Bolt Company. For more than five years this case lay dormant. Finally, in August, 1980, following the enactment of the "240-Day Rule,"[1] appellant filed a Certificate of Readiness with

---

1. By order of the Pennsylvania Supreme Court, 486 Pa. xxxvii (1979), a rule was enacted to ensure the prompt certification for trial of civil cases. Known as the "240-Day Rule," it became effective on November 19, 1979, but was rescinded as of March 6, 1981 (*see* 491 Pa. xxxi (1980)).

the Court of Common Pleas. Subsequently, appellee filed motions for summary judgment and non pros alleging, *inter alia*, that appellant's claim was barred by the six-year statute of limitations applicable to assumpsit actions. *See* 12 Pa.S.A. § 31. On June 4, 1981, the lower court granted the summary judgment motion, holding that the six-year limitation period barred appellant's claim. This appeal followed.

Appellant argues that it was error for the lower court to grant appellee's motion for summary judgment. Specifically, appellant alleges that the applicable statute of limitations did not start running until 1972, thereby making the six-year limitation period no bar to the instant action which was filed in 1975.[2]

 It is well settled that a statute of limitations begins to run when the cause of action accrues. *Myers v. USAA Casualty Insurance Company*, 298 Pa.Superior Ct. 366, 373, 444 A.2d 1217, 1221 (1982). So viewed, the facts are as follows: In 1967, appellee filed suit in U.S. District Court against appellant and others claiming that appellee's patent rights on a certain type of expandable bolt had been infringed. At the time of the 1967 lawsuit, as now, appellant was employed as a salesman of expansion bolts manufactured by Jordan Industries, Incorporated. Prior to the initiation of the 1967 suit, appellee had sent letters to appellant's customers advising them to discontinue purchasing the Jordan expansion bolts because they infringed upon appellee's

---

2. While appellant previously asserted that the six-year statute of limitations ran from the time the federal action was decided in 1972, *see* Paragraph 2 of Appellant's Answer to Motion for Summary Judgment, he now takes a different position. On appeal, appellant argues for the first time that the alleged wrongful acts of appellee were in the nature of a continuing wrong which thereby tolled the running of the limitation period until 1975—when the continuing wrong allegedly terminated. It is axiomatic that issues not raised in the lower court are deemed waived and will not be considered for the first time on appeal. Pa.R.A.P. 302. *See Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974). Accordingly, we hold that appellant's failure to raise this issue in the court below has caused this claim to be waived.

patent rights. In 1972, the federal court action was decided in favor of appellant and his co-defendants on the ground that appellee's patent was invalid and should never have been issued originally. *See U.S. Expansion Bolt Co. v. Jordan Industries, Inc.*, 346 F.Supp. 541 (E.D.Pa.1972). Following the termination of the federal lawsuit in 1972, until 1975, appellant took no legal action against appellee. Then, in 1975 appellant filed the instant suit alleging, *inter alia*, that appellee's warnings to the customers of appellant resulted in the irreparable loss of appellant's competitive position in the sales of expansion bolts.[3] Although these warnings may have continued until 1975, *see* Brief for Appellant at 8, there can be no question that appellant was aware of the warnings as early as 1967.[4] Thus, we agree with the lower court that appellant's cause of action accrued in 1967 and effectively survived until December 31, 1973, at the latest. Therefore, appellant's failure to file the instant action until 1975, well after the statutory limitation period had expired, has resulted in appellant's contention meritless and affirm the lower court's grant of appellee's motion for summary judgment.

Affirmed.

SPAETH, President Judge, concurs in the result.

3. As appellee correctly points out, although appellant's complaint was filed in assumpsit, no cause of action in assumpsit is pled. Rather, the averments in appellant's complaint appear to support a claim for contractual interference, which is a trespass action. However, the statute of limitations for an action in trespass is two years from the time the cause of action arose. 12 Pa.S.A. § 31. Thus, in light of our holding that appellant's cause of action arose in 1967, appellant's claim, which was filed in 1975, is barred by the limitation period applicable to both trespass and assumpsit actions.

4. Appellant does not allege that, in 1967, he was unaware of the warnings being sent to his customers by appellee. Indeed, we are able to infer from certain statements contained in appellant's Reply to New Matter and his appellate brief that in 1967 he was aware of appellee's allegedly wrongful acts.