In re Charles Thomas **BOBROFF** a/k/a Charles T. Bobroff a/k/a Donney Bobroff and Zachary Fae, Debtor.

Charles **BOBROFF**, Plaintiff,

v.

**CONTINENTAL BANK**, Frank Leis, Blank, Rome, Comisky and McCauley, Andrew D. Bershad, Esquire, and Samuel H. Becker, Esquire, Defendants.

Bankruptcy No. 81–01525G.
Adv. No. 83–0703G.

United States Bankruptcy Court, E.D. Pennsylvania.

March 5, 1984.

Daniel R. Fredland and David R. Black, Media, Pa., for plaintiff, Charles Bobroff.

Alan C. Gershenson, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for defendants, Continental Bank, Frank Leis, Blank, Rome, Comisky and McCauley, Andrew D. Bershad, Esq., and Samuel H. Becker, Esq.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in dispute is whether we should grant the defendants' motion for summary judgment on a complaint seeking recovery for defamation and interference with contractual relations. For the reasons stated herein, we will grant the motion.

The facts of the case are as follows:[1] The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") on April 24, 1981. The debtor commenced the action at bench by filing a writ of summons[2] in state court on February 22,

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. Under the rules of procedure for the Pennsylvania state courts, an action may be commenced by filing with the prothonotary (the clerk of the court), "(1) a praecipe for a writ of

1983, against Continental Bank ("Continental"), a creditor, Frank Leis ("Leis"), an employee of Continental, Blank, Rome, Comisky & McCauley ("Blank, Rome"), Continental's legal counsel, Andrew D. Bershad, Esquire ("Bershad"), a member of Blank, Rome, and Samuel H. Becker, Esquire ("Becker"), also a member of Blank, Rome. The defendants filed an application here which removed the action to this court on March 16, 1983. Two days later the defendants submitted a praecipe for entry of a rule upon the debtor to file a complaint within twenty days or suffer a judgment of non pros.[3] Several days later the debtor filed a motion for remand as well as a motion to dismiss the defendants' rule to file a complaint. The brief supporting these two motions contained as an exhibit a "form of complaint" which ostensibly stated three causes of action: malicious prosecution,[4] defamation; and interference with contractual relations. The defendants' response opposed these motions and contained an answer to the debtor's complaint and a motion for summary judgment. We denied both the motion for remand and the motion for dismissal of the rule.

The debtor is an artist as well as a collector of art. Through several corporations wholly owned by him, the debtor had been engaged in the retail sale of shoes and similar accessories until the spring of 1980. In May of that year he suffered a "psychiatric episode" which left him unable to operate his business. Due to the illness, his insurer, Guardian Life Insurance Company ("Guardian"), began paying him disability income on several previously contracted insurance policies.

Shortly after the filing of the petition, Blank, Rome deposed one of the debtor's friends, Jane Engel ("Engel"), who testified that numerous art works she had previously seen at the debtor's business were being stored at her apartment and a garage. She further stated that, upon her last visit to his residence, the debtor was storing two Picasso lithographs and a Dali lithograph. Engel testified that the debtor told her he was concealing these items because "he didn't want the bank getting them." The debtor had previously stated under oath that no one other than he had possession of his furnishings, antiques or art works. Blank, Rome informed us of this contradictory testimony and we suggested that it contact the office of the United States Attorney, which it did. The following day we enjoined the debtor from transferring or removing assets of the estate and we ordered that padlocks be placed on the garage, the debtor's residence and his business until the trustee could take inventory.

In January and February of 1982, Leis and Blank, Rome spoke with Guardian to inform the latter of the expenses that were being incurred by the debtor's business. Guardian was concerned with the information since one of the insurance policies required Guardian to pay certain business debts of the debtor. Guardian's last payment to the debtor was made on February 16, 1982.

As noted above we have denied the debtor's motions for remand and for dismissal of the rule to file a complaint. In his motion for dismissal of the rule the debtor urges that we accept the "form of complaint" appended to the motion and deem it the complaint in this action in the event we deny said motion. The defendants' motion for summary judgment urges us to adopt their answer to the debtor's complaint which is attached to their said motion, if we deem the debtor's complaint filed. Both the debtor and the defendants have briefed the motion for summary judgment as if the complaint and answer had been filed of record. As stated in Fed.R.Civ.P. 15(b), which is applicable in this action through Bankruptcy Rule 7015, "when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall

---

summons, (2) a complaint, or (3) an agreement for an amicable action." Pa.R.C.P. 1007.

**3.** *See,* Pa.R.C.P. 1037(a).

**4.** The parties have agreed to voluntary dismissal of this cause of action and consequently we will not discuss it further.

be treated in all respects as if they had been raised in the pleadings." Pursuant to Rule 15(b), we deem the complaint and answer filed of record. Although this application of Rule 15(b) is more extreme than most, we believe it comports with the requirement that the rules be "construed to secure the just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1; Bankruptcy Rule 1001. This result affords us a basis for addressing the only remaining controversy which is the defendant's motion for summary judgment.

Under Fed.R.Civ.P. 56 summary judgment can be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The U.S. Court of Appeals for the Third Circuit has characterized summary judgment as "a drastic remedy," and has stated "that courts are to resolve any doubts as to the existence of genuine issues of fact against the moving parties." *Hollinger v. Wagner Mining Equipment Co.,* °667 F.2d 402, 405 (3d Cir.1981). "Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. den.,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Nonetheless, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

On the cause of action for defamation the debtor asserts that the defendants damaged his reputation in the community by stating that the debtor was concealing assets from the bank and the bankruptcy court. The defendants assert three bases for granting summary judgment on this claim; (1) the statute of limitations, (2) the defense of truth, and (3) the lack of causation.

In Pennsylvania there is a one year limitation for commencing an action for libel or slander, 42 Pa.Cons.Stat. § 5523(1). Although Continental and Leis made certain statements within the one year period which are arguably defamatory, the statements of the other defendants were beyond the one year bar. Although he has not expressly so stated in his complaint, the debtor contends in his brief that summary judgment against these other defendants is inappropriate since all the defendants conspired to defame him. In Pennsylvania the period of limitation for commencing an action for conspiracy is the same as that of the underlying action. *Ammlung v. City of Chester,* 494 F.2d 811, 814 (3d Cir.1974). The limitation period begins to run from the time of the commission of the overt act which is alleged to have caused the damage upon which the complaint is predicated. *Id.* at 815. Since one of the alleged conspirators purportedly committed an overt act in furtherance of the conspiracy within the one year period, the debtor urges us to deny the defendants' motion for summary judgment as to *all* the defendants since the commission of an overt act by one conspirator within the statutory period renders all the conspirators liable. We find the debtor's statement of law on this point correct. *Id.* at 814–15; *Baker v. Rangos,* 229 Pa.Super. 333, 358, 324 A.2d 498, 510 (1974). Thus, summary judgment cannot be granted on this ground.

As stated above, the defendants assert that summary judgment should be granted on the defamation claim due to the defense of truth. The debtor concedes that truth is a defense to defamation. In support of the defense the defendants have submitted numerous sworn statements which indicate the truth of the defendants' statements that the debtor had concealed property of the estate from his creditors and the court. As stated above, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits, or as otherwise

provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In his brief on this matter the debtor has not directed us to any sworn statements admitted in this action which controvert the truth of the defendants' statements and consequently, we will grant the defendants' motion for summary judgment on this cause of action. This result makes it unnecessary for us to address the defendants' third basis for summary judgment on this count which is a lack of causation.

On the only remaining cause of action, which is for interference with contractual relations,[5] the defendants request summary judgment on three basis, the first of which is that the action is barred by the statutory period of limitations. The defendants assert that the one year limitation of 42 Pa.Cons.Stat. § 5523(1)[6] applies, while

**5.** The elements of this tort are that the defendant must act "(1) for the purpose of causing [the] specific type of harm to the plaintiff, (2) such act must be unprivileged, and (3) the harm must actually result." *Glenn v. Point Park College,* 441 Pa. 474, 479, 272 A.2d 895, 898 (1971); *EFCO Importers v. Halsobrunn,* 500 F.Supp. 152, 159 (E.D.Pa.1980).

**6.** The pertinent statutory provisions are as follows:

§ 5523. One year limitation
The following actions and proceedings must be commenced within one year:
(1) An action for libel, slander or invasion of privacy.
(2) An action upon a statute for a civil penalty or forfeiture, where the action is given to a person other than a government unit.
(3) An action upon a bond given as security by a party in any matter, except a bond given by a condemnor in an eminent domain proceeding.
(4) An action upon any payment or performance bond.

§ 5524. Two year limitation
The following actions and proceedings must be commenced within two years:
(1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.
(4) An action for waste or trespass of real property.
(5) An action upon a statute for a civil penalty or forfeiture, where the action is given to a government unit.
(6) An action against any officer of any government unit for the nonpayment of money or the nondelivery of property collected upon on execution or otherwise in his possession.

§ 5525. Four year limitation
The following actions and proceedings must be commenced within four years:
(1) An action upon a contract, under seal or otherwise, for the sale, construction or furnishing of tangible personal property or fixtures.
(2) Any action subject to 12 Pa.C.S. § 2725 (relating to statute of limitations in contracts for sale).
(3) An action upon an express contract not founded upon an instrument in writing.
(4) An action upon a contract implied in law, except an action subject to another limitation specified in this subchapter.

§ 5526. Five year limitation
The following actions and proceedings must be commenced within five years:
(1) An action for revival of a judgment lien on real property.
(2) An action for specific performance of a contract for sale of real property or for damages for noncompliance therewith.
(3) An action to enforce any equity of redemption or any implied or resulting trust as to real property.

§ 5527. Six year limitation
The following actions and proceedings must be commenced within six years:
(1) An action upon a judgment or decree of any court of the United States or of any state.
(2) An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, except an action subject to another limitation specified in this subchapter. Where an instrument is payable upon demand, the time within which an action or proceeding on it must be commenced shall be computed from the later or either demand or any payment of principal or of interest on the instrument.
(3) An action upon any official bond.
(4) A proceeding in inverse condemnation, if property has been injured but no part thereof has been taken, or if the condemnor has made payment in accordance with Section 407(a) or (b) (relating to possession and payment of compensation) of the act of June 22, 1964 (Sp.Sess., P.L. 84, No. 6), known as the 'Eminent Domain Code.'
(5) An action to set aside a judicial sale of property.

the debtor contends that the six year residuary limitation period of 42 Pa.Cons.Stat. § 5527(6) applies. Initially we note that a cause of action for interference with contractual relations is essentially a tort claim rather than a contractual one. *EFCO Importers v. Halsobrunn,* 500 F.Supp. 152, 159 (E.D.Pa.1980). Since the cause of action is not one for libel, slander or invasion of privacy, § 5523(1) does not apply. A cause of action for interference with contractual relations is not barred by the limitation period for libel and slander. *Loughrey v. Landon,* 381 F.Supp. 884, 887 (E.D.Pa.1974). The debtor alleges that the residuary provision of § 5527(6) applies since §§ 5521–5526 to not apply. We disagree. Virtually all torts expressly named in the limitation provisions, other than those barred by the one year limitation of § 5523(1), are stated in § 5524. In summarizing the provisions of the limitation sections the Pennsylvania Bar Association's Special Committee on the Judicial Code states, as follows:

> § 5524. The period of limitations in wrongful death actions is increased from one to two years to conform to the general two-year statute on personal injuries.
>
> \* \* \* \* \* \*
>
> Also in the same section the periods applicable to conversion of or injury to personal property and waste or trespass to real property are reduced from six to two years to conform to the modern principle that claims based on conduct, and hence heavily relying on unwritten evidence, should have relatively short statutes of limitations, so as to bring them to trial (after allowance for pre-trial delays) before memories have faded. The two-year statute is made the general statute for tort claims (libel, slander and invasion of privacy with one-year periods of limitation constitute the principal exceptions).
>
> \* \* \* \* \* \*

Pennsylvania Bar Association Judicial Code Explanation, *reprinted above* 42 Pa.Cons. Stat.Ann. § 101, p. XI, at pp. XVI to XVII (Purdon 1981). Our review of the structure of the limitation provisions comports with the summary of the Bar Association and thus we hold that § 5524 is the general residuary provision for tort claims. Since the claim for interference with contract is a tort, it is subject to this two year limitation. The action at bench was filed within the two year bar period and thus we cannot grant summary judgment on this basis.

The defendants also urge us to grant summary judgment on this cause of action since they allege that the statements made to Guardian were true. The defendants have cited no authority for the proposition that truth is a defense to this cause of action and the debtor contends that it is not. Since the defendants have no clear legal entitlement to summary judgment on this point, we cannot grant relief on this basis.

█ The defendants' final contention is that summary judgment should be granted on this claim since Guardian had decided to discontinue payments on the insurance policies prior to hearing the statements at issue. Hence, the defendants contend that the statements did not cause the harm suffered by the debtor. Both parties rely on the deposition of one William Magnussen ("Magnussen"), who is the manager of Guardian's health claim department. Magnussen's deposition indicated that it was not any statements by the defendants that caused Guardian to stop payment on the insurance policies and the debtor has not directed our attention to any contradictory evidence. Therefore, under Rule 56, the defendants are entitled to summary judgment since there is no dispute that one of the necessary elements of the debtor's cause of action,—the causation of harm,—is absent.

(6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation).