524 A.2d 980

**Santos GARCIA, Appellant,**

v.

**COMMUNITY LEGAL SERVICES CORPORATION.**

Superior Court of Pennsylvania.

Argued Feb. 26, 1987.

Filed April 28, 1987.

Reargument Denied July 10, 1987.

486

Daniel A. Rendine, Philadelphia, for appellant.

Janel W. Mason, Assistant Public Defender, Philadelphia, for appellee.

Before CIRILLO, President Judge, and TAMILIA and CERCONE, JJ.

CIRILLO, President Judge:

This is an appeal from the grant of defendant's motion for summary judgment by the Court of Common Pleas of Philadelphia based on a statute of limitations defense in an action alleging legal malpractice. We affirm.

Appellant, Santos Garcia, owns a home in Philadelphia which allegedly was damaged through demolition work at an adjacent property during November, 1977. Appellee, Community Legal Services Corporation (CLS), represented Mrs. Garcia in her attempts to recover for the property damage. She later retained a private attorney, Jack M. Bernard, who instituted suit on April 2, 1981 against the company which had performed the demolition work.

The statute of limitations for trespass to real property was three years until the legislature shortened the period to two years, effective June 27, 1978. The new statute provided that, wherever the limitation period was reduced, an action must be brought within one year after the effective date of the statute or the period provided for under the old statute, whichever is less. Therefore, the statute expired on Mrs. Garcia's claim on June 27, 1979.

During that time period, she was represented by CLS. She later retained Mr. Bernard, who filed suit in April, 1981 because he felt that it was possible to make a viable legal argument that the statute applicable to Mrs. Garcia's claim was 42 Pa.C.S. § 5536, which provided a twelve year period to file claims. However, on August 28, the Superior Court filed a decision holding that § 5536 was a statute of repose with no effect upon the provisions of § 5524. *See Mitchell, v. United Elevator Co. Inc.,* 290 Pa.Super. 476, 434 A.2d 1243 (1981). Based on *Mitchell,* the trial court dismissed Mrs. Garcia's action on October 2, 1981 as barred by the statute of limitations. Bernard was notified by the court of the entry of judgment against his client on October 5, 1981. He then mailed Garcia a letter explaining the court's action. However, because she does not read English, Garcia was allegedly unaware of the contents of the letter until it was translated for her on October 19, 1981.

Mrs. Garcia commenced the present action on October 6, 1983. She filed a complaint in trespass, alleging that CLS acted negligently in failing to bring an action to recover for the damage to her home before the applicable statute of limitations expired.

CLS filed a motion for summary judgment, asserting that Mrs. Garcia's malpractice claim was governed by a two year statute of limitation (42 Pa.C.S. § 5524). They claimed that her action should have been brought no later than two years after October 2, 1981, the date summary judgment was entered in the earlier proceeding. The trial court granted the motion and Mrs. Garcia appealed to this court.

Appellant presents two issues for our review: (1) whether the trial court erred in holding that the two year statute of limitation applies to her claim for legal malpractice; and, (2) whether the trial court erred in granting summary judgment because there is a genuine issue of material fact as to when the appellant reasonably discovered the existence of her malpractice claim. Because of our disposition of this matter, we need not address these issues separately.

Mrs. Garcia argues that the trial court erred in dismissing her action. She claims that the relevant statute of limitations is either the four year period of 42 Pa.C.S.A. 5525(4) or the six year period of 42 Pa.C.S. § 5527(6). Section 5524(4) is applicable to implied contracts while § 5527(6) is a catchall provision for all civil actions not subject to a specific statute of limitation. CLS asserts that we should apply the two year period specified in § 5524. This section provides in pertinent part:

> The following actions and proceedings must be commenced within two years: ... (3) An action for taking, detaining or injuring personal property....

42 Pa.C.S.A. § 5524(3).

Mrs. Garcia counters that even if we apply the two year period of § 5524, the statute was tolled until October 12, 1981 because that is when she was first able to reasonably discover that she possessed a cause of action against CLS. Because her claim was instituted on October 6, 1983, she

argues that it was timely filed within two years of the date the statute started to run.

■ An action for legal malpractice may be brought in either contract or tort. *Guy v. Liederbach,* 501 Pa. 47, 55, 459 A.2d 744, 748, (1983). *See also Trice v. Mozenter,* 356 Pa.Super. 510, 520, 515 A.2d 10, 15 (1986); *Hoyer v. Frazee,* 323 Pa.Super. 421, 425, 470 A.2d 990, 992 (1984) *Duke & Co. v. Anderson,* 275 Pa.Super. 65, 70, 418 A.2d 613, 616 (1980).

But, at the time Mrs. Garcia instituted the present suit against CLS, the applicable Pennsylvania rules of pleading provided in pertinent part:

> If a transaction or occurrence or a series of transactions or occurrences gives rise to causes of action in assumpsit and trespass against the same person ... they shall be joined in an action against any such person in separate counts. Each count shall specify whether the cause of action stated therein is in assumpsit or trespass....

Pa.R.Civ.P. 1020(d)(1).

■ If a plaintiff fails to properly plead separate causes of action, the cause he did not plead is waived. *Bachman v. Artinger,* 285 Pa.Super. 57, 60, 426 A.2d 702, 703 (1981). *See also* Pa.R.Civ.P. 1020, Note of the Procedural Rules Committee (a) ("Failure to join a cause of action as required by subdivision (d)(1) of this Rule shall be deemed a waiver of that cause of action as against all parties to the action").

■ Mrs. Garcia's complaint in the matter before us was designated a "complaint in trespass." She alleged that CLS negligently represented her and she did not include a count in assumpsit. Because an action for breach of contract was formerly a claim in assumpsit, Mrs. Garcia's failure to designate such a count in her complaint constituted a waiver of that cause of action. Therefore, Mrs. Garcia may not assert a claim for breach of an implied contract and § 5525(4) is inapplicable to this matter. The relevant statutory period is either two years as specified in § 5524 or six years as provided in § 5527.

■ In *Moore v. McComsey,* 313 Pa.Super. 264, 459 A.2d 841 (1983), a panel of this court applied the two year statute for "injuries to the person" to an action for legal malpractice. *Id.,* 313 Pa.Superior Ct. at 270, 459 A.2d at 844. Moore had been found guilty of murder and sentenced to life imprisonment. He alleged that his attorney's negligent conduct of the trial was the cause of his conviction and imprisonment. *Id.* The court held that the nature of the plaintiff's asserted injury governs which statute of limitations applies in a particular malpractice case. *Id. See also Murray v. University of Penna. Hosp.,* 340 Pa.Super. 401, 405, 490 A.2d 839, 841 (1985). Moore claimed that he had been injured by virtue of his conviction and incarceration. The court observed that personal injury includes any invasion of personal rights. If a person is wrongfully labeled a murderer his personal rights have been invaded much like those of a person who has been libeled. The same holds true for a person who has been wrongfully imprisoned. In such a case the plaintiff's complaint is that he is not free to come and go as he pleases. This is similar to a person alleging the tort of false imprisonment. *Id.*

In the instant case, Garcia alleges that CLS mishandled her earlier claim against the demolition company. She asserts that these mistakes resulted in the loss of monies she would have received if CLS had handled her claim properly. The injury claimed by Garcia is the damage to her cause of action against the demolition company. Unlike *Moore,* she has not alleged any injury to her person. Her complaint does not contain any recitation of injury to her reputation or emotional distress and suffering or harm to her physical well-being. Therefore, resolution of this issue hinges upon the proper interpretation of the phrase, "taking, detaining or injuring personal property". *See* 42 Pa. C.S. § 5524(3). If the damage to Mrs. Garcia's cause of action is an injury to personal property, the two year statute applies. If it is not such an injury, the six-year catchall provision of § 5527 applies.

Mrs. Garcia claims that the Pennsylvania legislature intended that the six year period control actions of this type. She notes that prior to the 1978 amendment of the Judicial Code, a six year statute of limitations had applied to legal malpractice actions for over a century. She argues that based upon accepted principles of statutory construction, a court should not change the legal effect of a statute without a clear indication of legislative intent. *Commonwealth v. Miller*, 469 Pa. 24, 27, 364 A.2d 886, 887 (1976). She also states that in 1983, the legislature reamended the Judicial Code to provide such a clear change. Under the present version of § 5524, the period of limitation for a tort action for legal malpractice is two years. *See* 42 Pa.C.S. § 5524(7). At the time of this amendment, the legislature provided that it would become effective in February, 1983 or 60 days after its enactment. Mrs. Garcia cites the maxim that subsequent acts of a legislative body may be probative as to an earlier legislative intent. *Barnes v. Cohen*, 749 F.2d 1009 (3d Cir.1984). She asserts that the legislature's prospective application of the 1983 amendment indicates that the new legislation was intended as a change in the law. If it did not alter the then existing law, there was no reason for the legislature to announce that it was effective only in the future. If the legislature intended the 1983 amendment to change the statutory period to two years, then it is logical that the period which was previously in effect was not two years.

■ But, legislative intent is only relevant to statutory construction when the statutory language is ambiguous. If the language is clear and unambiguous, it is to be interpreted in accord with its plain and ordinary meaning. *Barasch v. Pennsylvania Public Utility Comm.*, 507 Pa. 430, 439, 490 A.2d 806, 810 (1985).

Personal property is defined as:

[E]verthing that is the subject of ownership, not coming under determination of real estate. A right or interest in

things personal ... or any right or interest which one has in things movable.

. . . . .

The term "personal property" in its broadest legal signification includes everything the subject of ownership not being land or any interest in land, as goods, chattels, money, notes, bonds, stocks and choses in action generally, including intangible property.

Black's Law Dictionary 1096 (5th ed. 1979).

Injury is defined as:

Any wrong or damage done to another, either in his person, rights, reputation or property.

Civil Injury is defined as:

Injuries to person or property ... which may be redressed by means of a civil action.

*Id.* at 706.

Juxtaposition of these definitions demonstrates that the ordinary meaning of an injury to personal property includes damage to a chose in action which may be redressed by means of a civil action. Mrs. Garcia is complaining that her chose in action against the demolition company was damaged in that she lost its potential value and she is seeking redress through a civil action. Based on a plain reading of the statutory language, Mrs. Garcia's claim is encompassed within the scope of § 5524(4).

■ In order to arrive at a different result, we would be forced to adopt a very constrained and artificial interpretation of the section. We would have to read "injuring" as meaning physical injury instead of the broader definition meaning damage or loss in value. However, it is a canon of statutory construction that a court has no power to insert a word into a statute if the legislature has failed to supply it. *Worley v. Augustine,* 310 Pa.Super. 178, 183, 456 A.2d 558, 561 (1983). If the legislature intended to restrict the provision in question to "physical" injuries, it should have used the qualifying term. The difference between "injury" and

"physical injury" is so great that we cannot assume the legislature failed to distinguish the terms.

We have changed the legal effect of § 5524 but we did so because the wording of § 5524(3) is unambiguous. Therefore, we believe that it does express a clear legislative intent. The 1983 amendment may also be interpreted as supporting our decision. It can logically be viewed as a clarification of the legislature's earlier intentions. It simply made clear a matter which the legislature intended to resolve in 1978. Subsequent to that time, the legislature observed that some persons believed the provisions were unclear. The lawmakers then re-legislated that which they had intended to settle in 1978. The prospective effective date was nothing more than a safeguard to protect litigants in case amended § 5524 was eventually interpreted as including a broader range of causes of action than its prior version.

A common sense interpretation of the legislature's 1978 intent also supports our conclusion. Section 5524 was made applicable to causes of action resulting from alleged negligence. Claims arising from written documents such as contracts were given longer periods of limitation. This distinction is logical since the purpose of a statute of limitations is to bar stale claims and avoid problems of proof arising from stale memories. It is more likely that problems of proof will occur in negligence cases which may not involve written documents. Therefore, it makes sense that the legislature intended all such actions not expressly covered elsewhere, including those for legal malpractice, to be governed by § 5524. We see no reasonable justification for treating legal malpractice differently from other claims sounding in negligence. Yet, that would be the result if we accepted Mrs. Garcia's arguments.

The logic of our holding is buttressed by our review of similar cases from other jurisdictions. *See, e.g., Mazzanti v. Merck & Co., Inc.,* 770 F.2d 34 (3d Cir.1985) (tortious interference with a contract held to be damaging personal property); *In re Bobroff,* 37 B.R. 847 (B.R.E.D.Pa.1984) (in

Pennsylvania two year statute is the general statute for tort claims); *Shideler and Barnes v. Dwyer*, 275 Ind. 270, 417 N.E.2d 281 (1981) (chose in action is personal property for statute of limitation purposes); *Cordial v. Grimm*, 169 Ind.App. 58, 346 N.E.2d 266 (Ind.App. 3d Dist.1976) (alleged malpractice involving workmen's compensation claim held to be "damage to personal property"); *Hood v. McConemy*, 53 F.R.D. 435 (D.Del.1971) (legal malpractice is tort action for injury to personal property).

As noted previously, Mrs. Garcia asserts that even if the applicable statute is two years, her claim was timely because the statute was tolled until October 12, 1981. She argues that her claim was timely because it was filed on October 6, 1983, six days before the statute was to expire. We disagree.

In Pennsylvania, the statute of limitations is triggered upon occurrence of the alleged breach of duty. *Moore v. McComsey*, 313 Pa.Super. 264, 270, 459 A.2d 841, 844 (1983). In this case, CLS supposedly breached its duty to Mrs. Garcia when it allowed the statute to run on her underlying claim for damage to her property. This took place on June 27, 1979. Therefore, unless the statute's operation was tolled, it expired long before Mrs. Garcia brought suit on October 6, 1983.

The Pennsylvania Rules of Civil Procedure provide in pertinent part:

summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Pa.R.Civ.P. 1035.

In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. Any doubt must be resolved against the moving party. *Helinek v. Helinek*, 337 Pa.Super. 497, 487 A.2d 369 (1985). Summary judgment may only be entered in a case that is clear and free from doubt.

*Rossi v. Pennsylvania State Univ.*, 340 Pa.Super. 39, 45, 489 A.2d 828, 831 (1985).

■ Resolving all issues of material fact in favor of Mrs. Garcia as the non-moving party, we find the statute was tolled until October 5, 1981. As applied in Pennsylvania, the equitable discovery rule provides that the statute of limitations does not begin to run until the injured party is aware or reasonably should be aware of his injury and its cause. *Pocono Raceway v. Pocono Produce, Inc.*, 503 Pa. 80, 85, 468 A.2d 468, 471 (1983). However, it is well settled that mere mistake, misunderstanding or lack of knowledge do not toll the statute of limitations. *Walters v. Ditzel*, 424 Pa. 445, 449, 227 A.2d 833, 835 (1967).

Mrs. Garcia could not reasonably have been aware that her claim was barred until the Court of Common Pleas so ruled in October of 1981. Until this court's decision in *Mitchell*, 290 Pa.Super. 476, 434 A.2d 1243 (1981), it was unclear to even the most experienced attorney whether such a claim was governed by the twelve year period of § 5536 or the shorter period of § 5524. Therefore, it would be completely unreasonable to expect a layperson to possess that knowledge. Resolving all factual questions in her favor, we find that Mrs. Garcia was reasonably unable to learn of her injury until the court notified her that her suit was dismissed. Applying this standard, we cannot rule that her lack of awareness was clearly caused by mistake, misunderstanding, or lack of knowledge.

However, Mrs. Garcia claims the statute should be tolled until October 12 because that is when her attorney's letter was read to her in Spanish. We must reject this claim. Mrs. Garcia is deemed to have knowledge of the court's action on October 5, which is the day her attorney was notified. Notice from a court to a person's attorney is considered notice to the client as long as it concerns a matter within the scope of the representation. *Yeager v. United Natural Gas Co.*, 197 Pa.Super. 25, 176 A.2d 455 (1961). *See also Lewis v. Commonwealth of Pennsylvania, Board of Probation & Parole*, 97 Pa.Commw. 271, 508

A.2d 644 (1986); *Ozark v. Zoning Hearing Board of West Pittston*, 96 Pa.Commw. 414, 507 A.2d 932 (1986); *U.S. Steel v. Workmen's Comp. App. Board*, 57 Pa.Commw. 201, 426 A.2d 207 (1981); *Appeal of Gossy*, 22 Pa.Commw. 448, 349 A.2d 811 (1975).

On October 5, 1981, Jack Bernard received notice that Mrs. Garcia had been injured and the court's order explained the basis for that injury. Her claim against the demolition company was barred by the statute of limitations because it was not filed in time by her previous attorney, CLS. Bernard was aware of the injury and its purported cause. As Mrs. Garcia's agent, his knowledge was immediately imputed to her. That he chose to notify her by sending her a letter she could not understand does not alter this principle. Also, the notice certainly involved a matter within the scope of the representation. The court informed Bernard that the action was dismissed, thus it concerned the very heart of Bernard's representation of Garcia.

It matters not that the malpractice action is separate from the cause dismissed in 1981. It is true that Bernard was not yet representing Garcia in the malpractice case when he received the notice in question. However, he was representing her in the action which the court dismissed. Notice of that dismissal triggered the statute of limitation for malpractice purposes because it provided the underlying facts which established the basis for that action. Those facts were communicated by a court to Garcia's agent on October 5, 1981. They concerned a matter within the scope of the agency and therefore, were imputed to Garcia as of that date. The two year statute of limitations on her malpractice claim then began to run and it expired on October 5, 1983, barring her claim which was not instituted until October 6.

It has also been suggested that the pendency or potential pendency of an appeal should toll the statute of limitations in a legal malpractice action.

There are two possible justifications for this rule. In some jurisdictions, the statute of limitations on a malprac-

tice claim accrues at the time of the damage. When the claim is based upon a previously unsuccessful cause of action, the damage would be the entry of judgment or sentence in that previous action. If an appeal suspends the rights of the parties, that judgment is not yet final and enforceable. Therefore, the limitation period should arguably be suspended until the appeal is adjudicated and the party may enforce his rights.

This rationale is inapplicable to Pennsylvania because in our state courts, the limitation period begins to run when the alleged breach of duty occurs. It is tolled only until the injured party should reasonably have learned of this breach. If the client's underlying suit has been dismissed, he should be aware that his attorney has committed a breach of duty. The connection between the dismissal of a case and the failure to file suit before the running of the limitation period is so obvious that even the most innocent client should understand the relationship. Certainly, the client does not need to pursue the appellate process in order to make the requisite connection.

However, some jurisdictions follow the Pennsylvania rule but also hold that an action for legal malpractice is tolled until the appellate process is complete. These courts hold that the malpractice action is not ripe until an appellate court has disposed of the underlying suit. *See Amfac v. Miller*, 138 Ariz. 152, 673 P.2d 792 (1983).

The *Amfac* court reasoned that only after the appeal is complete are the client's damages fully ascertainable. If the appellate court reverses the decision of the trial court, the client will have suffered no harm. In the absence of actual injury, a litigant is not entitled to bring a tort action. *Id.* But, a litigant may decide not to appeal the trial court's judgment. This brings up a complicating factor. It is arguable that the statute of limitation should be tolled until the statutory period to file an appeal has passed. The underlying suit is considered open until the appeal is concluded because of the possibility that the appellate court will reverse. It is similarly open until the litigant decides

not to appeal because the same possibility of reversal remains present. That possibility is eliminated only when no further right to appeal exists. That right may be extinguished by decision or by passage of the statutory time period for taking an appeal. Therefore, it is a plausible contention that the statute of limitation should be tolled until one or the other of these events has taken place.

■ This argument has theoretical merit but it is inapplicable to this case. Mrs. Garcia's alleged injury occurred when she lost the right to prosecute her tort claim against the demolition company. This took place on June 27, 1979 because that is the date the statute expired. Her injury was ripe at that point and she was then entitled to bring her tort claim for malpractice. The court's dismissal of her cause of action against the company merely served as notice to her of the injury which had previously occurred.

In some situations, appellate disposition of a case might be necessary before a litigant could rightfully complain that he was actually injured. For instance, a person may wish to sue his attorney because the lawyer's alleged incompetence led to a large jury award against the client. The client is not injured until that jury award becomes enforceable. If the judgment is stayed during appeal, the client's malpractice claim may not be ripe until the appellate process is complete and the stay lifted. We point this out only to illustrate that our decision does not foreclose such an argument. We do not hereby endorse this position in that it is not relevant to the situation before us.

We must note that we are surprised and disappointed at the turn of events in this case. Mrs. Garcia's underlying claim was not filed until the statute of limitations had expired. Her attorney then brought a malpractice action against CLS alleging negligent failure to file within the period of limitation, but he also failed to file within the applicable period of limitation. A professional playwright would be hooted out of the theater if he employed such an unbelievable plot device.

Based upon the foregoing discussion, the judgment of the Court of Common Pleas of Philadelphia is affirmed.