## Hallowell v. Lucente

*John J. O'Brien Jr.,* for plaintiff.
*Joseph P. Connor III,* for defendants.

BATTLE, *J.,* October 29, 1991—The plaintiff filed his complaint against the defendants alleging that the defendants violated the Unfair Insurance Practices Act, the Unfair Trade Practices Consumer Protection Law of Pennsylvania (40 P.S. §1171.5 (A)(10)(i) and 73 P.S. §201-3 and §201-9.2). The plaintiff also alleged that the defendants had committed common-law fraud. This court granted a motion for summary judgment which was filed by the defendants. The plaintiff filed a motion for reconsideration which was denied on August 20,

1991. Thereafter, the plaintiff appealed to the Superior Court of Pennsylvania, thus necessitating this opinion.

Plaintiff is the sole shareholder of a corporation known as David Jeffrey Limited. The corporation operated a jewelry sales store. The plaintiff operated, managed or otherwise worked in the jewelry sales store owned by the corporation. The plaintiff secured insurance for the corporation's jewelry sales store. The insurance policies named the corporation as the insured. The insurance policies were purchased through the defendant insurance agents, Robert A. Lucente and the Jewelers Insurance Services Inc. After securing the insurance policies, and while the insurance policies were in effect, the corporation allegedly suffered a loss as the result of employee theft. The corporation submitted a claim under the subject insurance policies which was denied. As a result of the denial to pay the insurance claim, there have been three lawsuits filed. They are as follows:

(a) The corporation filed suit against Jewelers Mutual Insurance Co. (not a defendant herein) which was the insurance carrier for the subject policies. The action was filed in the U.S. District Court for the Eastern District of Pennsylvania at no. 86-6222. Judgment was entered in favor of Jewelers Mutual Insurance Co. and against the plaintiff corporation. The plaintiff corporation appealed the adverse judgment. On appeal, the order of the District Court was affirmed.

(b) The corporation filed suit against the defendants (the same defendants as in the instant action) in the Court of Common Pleas of Montgomery County at no. 88-17351. The corporation alleged in the Montgomery County suit that the defendants had violated the Pennsylvania Unfair Trade Prac-

tices and Consumer Protection Law as well as the Unfair Insurance Practices Act and general allegations of fraud. Judgment was entered by the Montgomery County Court of Common Pleas against the corporation and in favor of the defendants. The corporation appealed the adverse judgment to the Superior Court of Pennsylvania which affirmed the judgment of the Montgomery County Court of Common Pleas. The case was docketed in the Superior Court at no. 02146 Philadelphia 1990.

(c) The third law suit initiated as a result of the denial of the insurance claim is the instant action.

The first action filed, being the federal court action, was against the insurance carrier in an effort to recover on the alleged theft losses. That action was unsuccessful because the corporation's only proof of the theft losses was in the inventory calculation. The policy specifically stated that inventory calculations alone were not sufficient to prove theft losses. When the federal court action was unsuccessful, the corporation sued the defendants herein in Montgomery County alleging that they, as the insurance agents, failed to obtain appropriate insurance coverage to provide protection against the risk of employee theft and failed to properly explain the exclusions in the policy which required proof other than inventory calculations to establish a right of recovery. The corporation argued that such alleged actions on the part of the defendant insurance agents were in violation of both the Unfair Trade Practices and Consumer Protection Law and the Unfair Insurance Practices Act, as well as constituting common-law fraud. With regard to the Unfair Trade Practices and Consumer Protection Law allegations, the Montgomery County Court determined that the statute had no application to the claim, in as much as the act restricted coverage to consumer rather than

business transactions. It is provided in 73 P.S. §201-9.2 that the insurance purchase must have been "primarily for personal, family or household purposes." The Montgomery Court found that the insurance coverage was purchased by the corporation solely for business purposes. The Montgomery County Court also found that the common-law fraud claims were barred by the statute of limitations. The corporations's claim under the Unfair Insurance Practices Act was also unsuccessful in the Court of Common Pleas of Montgomery County. No issue was raised on appeal by the corporation regarding the Unfair Insurance Practices Act. When the corporations's claims against the defendants in Montgomery County were unsuccessful, the plaintiff, as a sole shareholder of the corporation, instituted suit here in Delaware County. The individual plaintiff asserts that the corporation's purchase of insurance was primarily for personal purposes. In summary, the plaintiff claims that, since he is the sole shareholder of the corporation, any loss sustained by the corporation is his own personal loss. Therefore, the plaintiff argues, his claim is appropriate under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. However, this court notes the following:

(a) The subject policy of insurance was issued in the corporate name "David Jeffrey Ltd." and the covered goods were the business inventory of the corporation's jewelry store.

(b) The Court of Common Pleas of Montgomery County found that the insurance purchase was primarily for business purposes and not for personal purposes. The decision of the Montgomery County Court of Common Pleas was affirmed on appeal.

Since the subject insurance contract on its face indicates that the covered goods were those belong-

ing to the corporation and since the Court of Common Pleas of Montgomery County has found that the purchase of the insurance was primarily for business purposes, this court is bound to find that the purchase of the insurance was primarily for business purposes. Therefore, the plaintiff's action is prohibited by section 201-9.2 of the Unfair Trade Practices and Consumer Protection Law which provides that the purchase must be primarily for "personal, family or household purposes." Certainly, corporation losses always affect individuals associated with the corporation; both employees and owners. Just because there is a personal effect from a business loss, there is not necessarily a right of action under the Unfair Trade Practices and Consumer Protection Law. It is not the possible effects of a business loss which are controlling, but the primary purpose of the purchase. In the instant case, the primary purpose of the purchase has been determined to be business purposes.

The plaintiff's common-law fraud claims are beyond the two-year statute of limitations set forth by 42 Pa.C.S. § 5524(7). Statutes of limitations begin to run when the cause of action asserted by the claimant first occurs. *See, Egan v. U.S. Expansion Bolt Co.,* 322 Pa. Super. 396, 469 A.2d 680 (1983). The accrual of a cause of action occurs when a party ascertaining such cause of action could or should have discovered, through the exercise of due diligence, that the cause of action existed. *See, North Hampton County College v. Dow Chemical,* 389 Pa. Super. 11, 566 A.2d 591 (1989). Statutes of limitations are not tolled by the filing of an appeal from a decision of a lower court. *See, Garcia v. Community Legal Services Corp.,* 362 Pa. Super. 484, 524 A.2d 980 (1987).

In the instant action, the plaintiff testified in the Court of Common Pleas of Montgomery County that he first realized that the insurance policy purchased from the defendants did not provide coverage to his company for losses that could only be determined through the process of inventory computation sometime in July of 1986. The instant action was filed more than two years after July 1986. Therefore, his common-law fraud claims are barred.

The Unfair Insurance Practices Act does not provide for a private right of action. The Court of Common Pleas of Montgomery County dismissed that claim in the action before it.

The doctrine of collateral estoppel precludes relitigation of issues conclusively adjudicated in a prior action. Collateral estoppel is applicable when:

(1) The issue decided by the prior adjudication was identical to the one presented in the later action.

(2) There was a final judgment on the merits.

(3) The party against whom the defense is asserted is a party who was in privity with a party to the prior adjudication.

(4) The party against who the collateral estoppel defense is asserted had a full and fair opportunity to litigate the issue in question in the prior action. *See, City of Pittsburgh v. Zoning Board of Adjustment,* 522 Pa. 44, 559 A.2d 896 (1989).

The doctrine of collateral estoppel is applicable to the case at bar. First, the issues in the prior action and the current actions are the same; whether the purchase of insurance was for business or for household purposes and whether the individual plaintiff had knowledge of the alleged fraud more than two years prior to his filing of the action. Second, there was a final judgment on the merits in the prior action. Third, David Hallowell, the plaintiff herein, had the opportunity to litigate the issue of whether

the purchase of the insurance was for business purposes in the prior action and whether he had learned of the alleged fraud more than two years prior to the filing of the previous action. The only question which exists as to collateral estoppel is whether David Hallowell was in privity to the corporate plaintiff in the prior action. It has been held that a shareholder of a corporation may be deemed to be in privity with a corporation itself. *See, Bush v. Eastern Uniform Co.,* 356 Pa. 298, 51 A.2d 731 (1947). It is apparent that since the plaintiff was the sole shareholder of the subject corporation and since the plaintiff was the person who secured the insurance contracts in the name of the corporation, there was privity between the individual plaintiff and the corporation. It was the plaintiff who testified on behalf of the corporation in the prior action. Therefore, plaintiff's claims are barred by the doctrine of collateral estoppel.