**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2538
_____

ROBERT J. DOYLE,
                            Appellant

v.

JACQUELINE M. VIGILANTE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-18-cv-03965)
District Judge: Honorable Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 31, 2020
_____

Before: GREENAWAY, JR., PORTER, and MATEY,
*Circuit Judges*

(Filed: May 6, 2020 )

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge*.

Robert Doyle hired Jacqueline Vigilante to represent him in a lawsuit against his former union. Believing that Vigilante mishandled the case, Doyle filed a pro se legal malpractice suit. The District Court granted summary judgment to Vigilante. Doyle timely appealed. We will affirm the District Court's judgment.

**I**

Doyle was fired from his job at the Boeing Company on July 8, 2009, for harassing coworkers and sending sexually explicit material to coworkers using his Boeing e-mail account. After Doyle's attempt to challenge his firing failed, he asked his union to arbitrate his case, but his union declined. Doyle believed that his union did not seek arbitration to retaliate against him because he had opposed the eventual winner of a contentious union election.

On October 27, 2010, Doyle hired Vigilante to pursue any claims he had against the union or Boeing. Because Doyle hired Vigilante more than a year after his termination, Vigilante advised Doyle that he only had a claim against the union for its "failure to represent" him. App. 338–39. On September 30, 2011, Vigilante filed a complaint against the union in federal court, alleging retaliation in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 185–86, and the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 411(a)(2).

The case was stayed to allow Doyle to exhaust his administrative appeals. In the meantime, after consulting several lawyers, Doyle believed that Vigilante might have committed legal malpractice by filing his case beyond the statute of limitations deadline.

Doyle then wrote an ex parte letter to the District Court, dated June 2, 2014, stating that he was dissatisfied with Vigilante's representation. Doyle also raised the possibility of filing a legal malpractice case against Vigilante for "filing [his case] over the . . . statute of limitations." App. 128. In the letter, Doyle acknowledged that the "clock [wa]s ticking" to file such a claim under the statute of limitations. *Id.* at 128–29. But Doyle delayed filing any such claim, and Vigilante continued to represent him.

On December 9, 2015, Vigilante emailed Doyle to explain that the District Court indicated that it would likely dismiss his LMRA claim because it had to be filed within six months of Doyle's termination—long before he met with Vigilante. Vigilante advised Doyle to file an amended complaint, dropping his LMRA claim and "beef[ing] up" his LMRDA claim. App. 752. She explained that his LMRDA claim was "solid" and "include[d] all the same wrongful conduct by the union and the same relief that a jury can award." *Id.* A few days later, Vigilante filed the amended complaint consistent with her advice.

But the attorney-client relationship further deteriorated, and Vigilante eventually withdrew as Doyle's counsel. Then the District Court granted summary judgment to the union. *Doyle v. United Auto. Aerospace & Agric. Implement Workers of Am., Local 1069*, No. 11-6185, slip op. at 10–16 (E.D. Pa. Mar. 30, 2018). The District Court determined that no retaliation had occurred. *Id.* Notably, it did not conclude that the statute of limitations barred Doyle's LMRDA retaliation claim. *Id.* at 9–10. We affirmed. *Doyle v. United Auto. Aerospace & Agric. Implement Workers of Am. Local 1069*, 761 F. App'x 136 (3d Cir. 2019).

Doyle filed a pro se malpractice action on August 31, 2018.[1] Vigilante moved for summary judgment, and the District Court granted the motion because it concluded that Doyle's malpractice claim was barred by the statute of limitations.

## II[2]

With the benefit of counsel, Doyle argues on appeal that the District Court erred because its opinion addressed only one of two malpractice claims that he had raised.[3] He maintains that the District Court failed to address his allegation that Vigilante committed malpractice by covering up for her alleged error and continuing to litigate the case and charge him legal fees.[4] He further maintains that this claim is not barred by the statute of

---

[1] Doyle filed his complaint in the Court of Common Pleas of Philadelphia County. The case was removed to federal court.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

"We review a grant of summary judgment *de novo*, applying the same standard [as] the District Court . . . ." *Gonzalez v. AMR, Am. Airlines*, 549 F.3d 219, 223 (3d Cir. 2008) (citation omitted). Summary judgment is appropriate only when, "after drawing all reasonable inferences from the underlying facts in the light most favorable to the nonmoving party," we conclude "that there is no genuine issue of material fact . . . and the moving party is entitled to judgment as a matter of law." *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1230 (3d Cir. 1993); *see* Fed. R. Civ. P. 56(c). And "[w]e may affirm on any basis supported by the record, even if it departs from the District Court's rationale." *TD Bank N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019) (citation omitted).

[3] The District Court addressed only Doyle's claim that Vigilante committed malpractice by filing the union retaliation complaint outside the statute of limitations period. It concluded that Doyle's malpractice claim was itself barred by the statute of limitations. On appeal, Doyle does not challenge the District Court's finding.

[4] To preserve an issue for appeal, a party "must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits." *Shell Petroleum, Inc. v. United States*, 182 F.3d 212, 218 (3d Cir. 1999). Although we are skeptical that Doyle ever raised this claim before the District Court, we will address the argument because it is ultimately unpersuasive on the merits.

limitations. We disagree and will affirm because Doyle cannot show that he suffered damages.

Under Pennsylvania law, "[a]n action for legal malpractice may be brought in either contract or tort." *Garcia v. Cmty. Legal Servs. Corp.*, 524 A.2d 980, 982 (Pa. Super. Ct. 1987) (citing *Guy v. Liederbach*, 459 A.2d 744, 748 (Pa. 1983)). For that reason, any legal malpractice claim requires a plaintiff to show that the alleged malpractice resulted in damages. *See Kituskie v. Corbman*, 714 A.2d 1027, 1029 (Pa. 1998) (citation omitted) (requiring showing injury under a tort theory); *Dougherty v. Pepper Hamilton LLP*, 133 A.3d 792, 796 (Pa. Super. Ct. 2016) (citation omitted) (requiring showing injury under a contract theory).

To show damages here, Doyle must prove "actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm[,] or the threat of future harm." *See Kituskie*, 714 A.2d at 1030 (citation omitted). "[A] legal malpractice action in Pennsylvania requires the plaintiff to prove that he had a *viable cause of action* against the party he wished to sue in the underlying case and that the attorney he hired was negligent in prosecuting or defending that underlying case . . . ." *Id.* (emphasis added).

Doyle cannot prove damages because he did not have a viable case against his union. After years of litigation and discovery, the District Court granted summary judgment to the union. It addressed Doyle's LMRDA claim on the merits and determined

5

that no retaliation occurred.[5] *See Doyle*, slip op. at 10–16. We agreed that "Doyle ha[d] not presented any evidence to show that [the union's] decision not to arbitrate was improper or motivated by retaliation for Doyle's campaigning efforts, or gives rise to an inference of such retaliation." *See Doyle*, 761 F. App'x at 139. Thus, Doyle's malpractice claims fail.

*     *     *

For these reasons, we will affirm the District Court's judgment.

---

[5] Notably, Doyle did not suffer any injury as a result of the day the complaint was filed. Although the District Court limited its consideration to "claims [that were] based on actions occurring [on or after] September 30, 2009," App. 705, the union notified Doyle on October 5, 2009, that it would not seek arbitration. Thus, Doyle's claim that the union retaliated against him was filed within the statute of limitations. But the District Court rejected his claim on the merits.