661 A.2d 877

**George E. FOWKES and Leonard E. Price, Appellants,**

v.

**Edward G. SHOEMAKER, Appellee.**

Superior Court of Pennsylvania.

Argued April 6, 1995.

Filed June 7, 1995.

Reargument Denied Aug. 15, 1995.

344

Anthony J. Rash, Pittsburgh, for appellants.

Joan Shoemaker, Pittsburgh, for appellee.

Before TAMILIA, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Allegheny County granting appellee Shoemaker's motion for judgment on the pleadings. Appellant now raises the following questions for review:

I. Does an attorney, who has been discharged by a client after rendering valuable services under a contingency fee agreement, possess a colorable claim in quantum meruit against his successor where the successor is fully cognizant of the attorney's prior representation, but nonetheless knowingly accepts and unjustly retains those fees due the attorney by virtue of the valuable services which he has rendered to the client?

II. Is it an abuse of discretion to deny a plaintiff leave to amend his complaint to include as defendant an indispensable party where the claim against such party is not time-barred and the proposed amendment would not unduly prejudice any party to the action?

III. Is a client's presence as a defendant indispensable in his former attorney's quantum meruit action concerning liability for attorney's fees under a contingency fee agree-

ment where the client has a direct, substantial interest in such action, which is essential to just adjudication of the attorney's quantum meruit claim?

Because the lower court correctly granted judgment on the pleadings, we affirm.

 Our scope of review of a trial court's granting of a motion for judgment on the pleadings is plenary. *McAllister v. Millville Mutual Insurance Co.*, 433 Pa.Super. 330, 640 A.2d 1283 (1994) (citation omitted). An appellate court will apply the same standard applied by the trial court. *Id.* A court should grant a motion for judgment on the pleadings where the pleadings demonstrate that no genuine issue of fact exists, and that the moving party is entitled to judgment as a matter of law. *Id.*

... [A] trial court must confine its consideration to the pleadings and relevant documents and accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed. The court may grant judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Id.* at 334, 640 A.2d at 1285. We will reverse a trial court's grant of judgment on the pleadings only where a clear error of law has been committed or where there were facts disclosed by the pleadings which should have been resolved by the jury. *Flatley by Flatley v. Penman*, 429 Pa.Super. 517, 632 A.2d 1342 (1993), *allocatur denied*, 537 Pa. 620, 641 A.2d 586 (1994).

Our review of the record in light of the aforestated standard reveals the following: This action involves a claim for recovery of attorney's fees arising out of appellants' prior representation of Kevin and Janice Zeigler in a personal injury action. Appellants, George Fowkes and Leonard Price, represented the Zeiglers at the outset of their personal injury suit from June of 1986 until December of 1988. Appellant Fowkes was originally retained as counsel and appellant Price was subsequently added as co-counsel because of the complex nature of

the Zeiglers' case.[1] The Zeiglers became dissatisfied with appellants' representation and terminated the attorney-client relationship in December, 1988.[2]

Shortly after terminating their attorney-client relationship with appellants, appellee Shoemaker was retained as counsel by the Zeiglers. Appellee requested the Zeiglers' case file from appellants as well as a statement for services rendered and costs incurred. Shoemaker's request was not entirely satisfied as appellants submitted a statement of costs incurred to appellee, but never submitted a statement for services rendered.

A contingency fee agreement and power of attorney executed by Shoemaker and the Zeiglers provided in part:

I/we hereby agree that the Attorney shall retain as his fee in this matter 33⅓ of all sums hereafter realized by settlement, verdict of court or other recovery as to the above stated matter. It is recognized that this fee of 33⅓ represents a reduction from Attorney's normal fee of 40%, and that this reduction was made to offset other fees Mr. and Mrs. Kevin Zeigler may owe other attorneys they previously retained relative to matters at issue in this representation.

Appellee eventually received a settlement for the Zeiglers in the amount of $4,284,000, out of which his attorney's fees were paid. On June 30, 1993, Fowkes and Price filed a complaint against Shoemaker alleging that they were entitled to a quantum meruit recovery from appellee for the services they had rendered to the Zeiglers. In response, Shoemaker filed a motion for judgment on the pleadings, maintaining that appellants' right of recovery was against the Zeiglers, not against him. The trial court agreed and granted appellee's motion for judgment on the pleadings. This timely appeal followed.

1. Kevin Zeigler suffered a severe brain injury as a result of a lighting fixture falling on his head while he was filling his truck with gas at a Mobil station in Verona, PA. Apparently, Fowkes did not have experience in handling head injury cases.

2. The Zeiglers notified appellants via letters dated December 8 and December 21, 1988, that they were being discharged.

We first address appellants' assertion that they have a valid quantum meruit action directly against appellee Shoemaker for the services they rendered to the Zeiglers.

■ We held, in *Styer v. Hugo*, 422 Pa.Super. 262, 619 A.2d 347 (1993), *affirmed*, 535 Pa. 610, 637 A.2d 276 (1994), that an attorney, who initially represented a client and is dismissed, does not have a quantum meruit action against the attorney who ultimately settles the case. *Id.* at 271, 619 A.2d at 352. We also stated that the initial attorney may have had a valid quantum meruit claim against the client as of when the attorney was terminated. *Id.* at 270, 619 A.2d at 351.

In *Hugo*, Styer was retained to represent Isaia Piccinino and his wife in a personal injury action. *Id.* at 264, 619 A.2d at 348. The Piccinino's discharged Styer and retained new counsel, Christopher Brill, who subsequently turned the Piccinino's case over to a third attorney, Hugo. *Id.* at 264–266, 619 A.2d at 348–349. An agreement between Styer and Brill provided that Styer would be compensated for the work he had performed prior to being discharged. *Id.* at 264, 619 A.2d at 348. Hugo and Styer did not have a similar agreement, but Hugo was aware of the agreement between Styer and Brill. *Id.* at 266, 619 A.2d at 349. Hugo obtained a settlement for the Piccinino's and received payment for his services pursuant to his contingency fee agreement with the Piccinino's. *Id.*

Styer requested, from Hugo, a portion of Hugo's fee in consideration for the work he had performed on the case. *Id.* Hugo refused this request and Styer filed an action requesting compensation for his services. *Id.* The trial court agreed with Styer and, in a non-jury proceeding, awarded him a portion of Hugo's contingent fee. *Id.* In reversing the judgment of the trial court, we stated that Styer's quantum meruit action did not lie against Hugo but against the Piccinino's, his original clients. *Id.* at 270–271, 619 A.2d at 351–352.

The parties in the present dispute are obviously in a very similar situation. Fowkes and Price's quantum meruit action lies against the Zeiglers, not Shoemaker. In fact, the power of attorney that the Zeiglers executed with Shoemaker specifi-

cally provided that the Zeiglers would be responsible for legal fees of prior counsel. Shoemaker's fee was reduced accordingly. The lower court properly relied on *Hugo* in granting judgment on the pleadings.

Fowkes and Price erroneously contend that *Johnson v. Stein*, 254 Pa.Super. 41, 385 A.2d 514 (1978), entitles them to a quantum meruit recovery from appellee. *Johnson* involved a lawsuit between two attorneys who previously practiced in the same law firm. *Id.* at 42, 385 A.2d at 515. The appellant attorney represented certain plaintiffs on contingent fee basis. *Id.* Appellee performed work on the case but was subsequently terminated as an associate of appellant's law firm. *Id.* The plaintiffs then hired appellee, to handle their case and he obtained a settlement. *Id.* The appellant filed a Notice of Attorney's Lien on this settlement, but this Notice was eventually struck by the trial court. *Id.* We upheld the trial court's order, stating that a lien was not proper because there was no evidence that appellant would not be paid. *Id.*

Instantly, we find appellants' are not entitled to relief when the facts of this case are viewed in light of *Johnson*. Appellants' primary argument here is that they are entitled to quantum meruit recovery from appellee Shoemaker. The fee dispute in *Johnson* was between an employer and an employee, not unrelated attorneys as exists in this case. Further, in *Hugo*, a case much more factually similar to this case, we stated that our discussion of quantum meruit recovery in *Johnson* was "pure dicta." *Hugo*, 422 Pa.Super. at 270, 619 A.2d at 351. Accordingly, appellants' reliance on *Johnson* is misplaced.

Appellants also contend that the lower court abused its discretion in denying their request to amend their complaint to include the Zeiglers as indispensable parties because their claim was not time-barred and would not unduly prejudice Shoemaker. We disagree.

A decision on whether a party should be granted leave to amend a pleading is committed to the discretion of the trial judge. *Gutierrez v. Pa. Gas & Water Co.*, 352 Pa.Super. 282, 507 A.2d 1230 (1986) (citations omitted). However, judicial

discretion in this area is not unfettered. *Id.* at 286, 507 A.2d at 1232. Amendments to pleadings should be granted liberally so that cases are determined on their merits. *Id.*

The statute of limitations for a quantum meruit action is four years. 42 Pa.C.S.A. § 5525(4); *Ragnar Benson, Inc. v. Bethel Mart Assoc.,* 308 Pa.Super. 405, 454 A.2d 599 (1982). A quantum meruit action against a former client by a discharged attorney accrues as of the date the attorney is terminated. *Hugo,* 422 Pa.Super. at 220, 619 A.2d at 351 (citations omitted).

Instantly, the lower court did not abuse its discretion in denying appellants' motion to amend their complaint. A quantum meruit action against the Zeiglers would have been time-barred by the statute of limitations. The Zeiglers terminated appellants in December, 1988, and appellants commenced this action approximately four and one-half years later, on June 30, 1993. Obviously, the statute of limitations had run on any claim appellants had against the Zeiglers. Thus, the lower court did not abuse its discretion in denying appellants' request to amend their complaint to include the Zeiglers as defendants.

Appellants' final issue, which we also find meritless, is their claim that the Zeigler's should have been joined as indispensable parties to the action against Shoemaker.

Upon review, we find that the Zeiglers are not indispensable parties. As we stated in the resolution of the previous issue, the interest of the Zeiglers is not essential to the merits of the claim against Shoemaker because the statute of limitations has run on any claim appellants may have had against the Zeiglers. Thus, appellants do not have a cause of action against the Zeiglers. *See generally, Moorehead v. Lopatin,* 300 Pa.Super. 81, 445 A.2d 1308 (1982) (holding that an action will be dismissed where it is brought against only one party and there is not a timely effort to join an additional party as a necessary defendant); *Grimme Combustion v. Mergentime Corp,* 406 Pa.Super. 620, 628, 595 A.2d 77, 81 (1991), *allocatur denied,* 530 Pa. 644, 607 A.2d 254 (1992) (stating that "... an inquiry into whether a party is indispens-

able is to be from the prospective of protecting the rights of the absent party, not from the view of whether joinder or nonjoinder of a party would make the matter more difficult to litigate.").

Order affirmed.