682 A.2d 845

**Effie KENIS, Vicki Soldatos and Leonidas Soldatos,**

**v.**

**PERINI CORPORATION and Michael David Fischer.**

**Appeal of Margaret M. BOYCE, Esquire.**

Superior Court of Pennsylvania.

Submitted April 29, 1996.

Filed Sept. 18, 1996.

Margaret M. Boyce, Philadelphia, pro se, appellant.

Edward F. Chacker, Philadelphia, for Kenis & Soldatos, appellees.

Jerrold P. Anders, Philadelphia, for Perini Corp. & Michael D. Fischer, appellees.

Before CIRILLO, President Judge Emeritus, BECK, J., and CERCONE, President Judge Emeritus.

CIRILLO, President Judge Emeritus.

Margaret M. Boyce, Esquire, appeals from an order entered by the Court of Common Pleas of Philadelphia County denying her motion for recusal and ordering her to turn over her file to new counsel, or suffer a fine. We quash the appeal.[1]

---

1. Both a motion to dismiss as well as a motion to quash the present appeal have been filed in this case. In February of 1996, this court denied the motion to quash, and, a month later, denied the motion to dismiss the appeal for procedural defects.

 We recognize that "it would be unseemly for a panel of three judges to attempt to reverse or overrule a prior order of the Court." *See* I.O.P. 302 H., *comment.* Our court's internal operating procedures, however, presuppose that such a reversal or overruling would be the result of an appeal "to which the parties have argued" on the merits. Presently, we are faced with an appeal which has been submitted by the parties. Therefore, the parties will not have the benefit of oral argument on the merits of the appeal before this panel. Accordingly, we find, *inter alia,*

Appellant, Margaret M. Boyce, Esquire (Boyce), was retained by plaintiffs to represent them in the underlying personal injury action. Subsequently, Boyce received a telephone call from Edward Chacker, Esquire, who requested that Boyce photocopy her client file, as the plaintiffs had discharged her and appointed him to represent them in the underlying litigation.

On August 4, 1995, the court held a hearing, on the record, where Boyce moved to have the trial judge, the Honorable Russell M. Nigro, recused from the case due to a $1,000.00 contribution that Chacker had made to Judge Nigro's campaign for our state supreme court. Judge Nigro denied the recusal motion and ordered Boyce to allow Chacker to make a copy of her file or suffer a $1,000.00/day fine. On August 8, 1995, Boyce attempted to appeal from an order which was never reviewed or signed by the court after the August hearing. On October 5, 1995, this court quashed the appeal.[2] On September 18, 1995, the trial court entered the order from which Boyce now appeals and raises the following issues for our review:

(1) Did the trial judge, the Honorable Russell M. Nigro, who was a candidate for the Supreme Court of Pennsylvania, err in not recusing himself from deciding the motion of Edward F. Chacker, Esquire, to strike the appearance of Margaret M. Boyce, Esquire, and ordering her to turn over a file to Mr. Chacker, when it was revealed that Edward F. Chacker, Esquire had made a $1,000.00 contribution to Judge Nigro's judicial campaign, particularly when under the same set of circumstances in another case, Judge Nigro *did recuse* himself, holding that to refuse to recuse himself

that the instant order is not appealable under Pa.R.A.P. 341, and, therefore, must be quashed.

2. Specifically, following the August 4, 1995 court hearing, Boyce prepared her own order of the court containing her understanding of the matters resolved during the hearing. She then attempted to file such with the court on August 7. On the same date, Boyce entered a "Judgment on Court Findings" and filed an appeal to this court. Upon plaintiffs' petition, this court granted the motion to quash this appeal from an order never written or signed by the trial court.

would help create the appearance of impropriety, as he was quoted to have said in the Philadelphia Inquirer Article of Sunday, October 15, 1995?

(2) Should the trial court have held discussions (no testimony) on the matter in open court prior to indicating to the parties that he was denying Ms. Boyce's motion for recusal?

(3) Should the trial court have ordered Attorney Boyce to have her file completely and totally copied by a copy service for the alleged purpose of allowing Mr. Chacker to look at the file to see if the $310,000.00 settlement offer was adequate without making an order regarding not only Attorney Boyce's outstanding legal fee for her services, but also, reimbursement of her costs of $7,500.00 since by copying the file, what Ms. Boyce would, in effect, be doing would be turning over her file of five years' legal work together with expenditures of $7,500.00 for costs, without any agreement as to payment of her fee and the reimbursement of out-of-pocket expenses?

(4) Did the trial court err in not entering an order that Margaret M. Boyce, Esquire was entitled to her contingent fee (40%) of the first $310,000.00 written offer extended, prior to ordering her to allow a copy service to copy the file for Edward F. Chacker, Esquire, so that he allegedly could review it to determine its value was in excess of the $310,000.00 offer? (It should be kept in mind that the Honorable Albert W. Sheppard, Jr. of the Philadelphia Common Pleas Court had conducted a settlement conference and already determined that this was a good settlement and imposed sanctions upon the plaintiffs under Philadelphia Local Rule 212.2 for their refusal to accept the settlement).

(5) Should the trial court have entered an order on September 18, 1995, that Margaret M. Boyce, Esquire should turn over Plaintiff's file to Edward F. Chacker, Esquire, by Monday, August 7, 1995, (Impossibility of performance is obvious) or be fined $1,000.00 per day? The August 4, 1995 order entered in court imposes a fine of $1,000.00 and does not mention it as being imposed per day. Thus, the written

order contradicts the order as entered in court, which is, in effect, the imposition of a fine for contempt without a contempt hearing being held.

(6) Can the court impose a fine on an attorney without providing the attorney the opportunity to be heard at a hearing and present evidence on his/her own behalf to satisfy the requirement of due process?

(7) Can the trial court enter an order depriving an attorney of her property rights to file (compiled with no assistance from plaintiffs) without providing a hearing at which testimony is offered and without providing for payment or costs and/or attorney's fees? [3]

3. We point out that appellant's brief violates multiple rules of appellate procedure. First, Pennsylvania Rule of Appellate Procedure 2116(a) provides in relevant part:

The statement of the questions involved ... should not ordinarily exceed 15 lines, **must never exceed one page,** and must always be on a separate page, without any other matter appearing thereon.

Pa.R.A.P. 2116(a). **Boyce's brief not only exceeds the 15 line limit but, instead, is a four page statement of queries that include parenthetical suppositions and legal arguments. Such length and supplemental information included in a statement of questions is clearly in derogation of the spirit of our appellate briefing rules.** Additionally, it is within this court's power to dismiss the appeal based on an appellant's failure to conform with the requirements of the rules of court. *See* Pa.R.A.P. 2101.

We refer the appellant to the insights of the Honorable Ruggero J. Aldisert of the United States Court of Appeals for the Third Circuit:

When I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that it is an irrebuttable presumption, but it is a presumption that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.

*United States v. Hart,* 693 F.2d 286, 287 n. 1 (3d Cir.1982) (quoting Aldisert, *The Appellate Bar: Professional Competence and Professional Responsibility—A View from the Jaundiced Eye of One Appellate Judge,* 11 Cap.U.L.Rev. 445, 458 (1982)). *See also Hughes v. GAF Corp.,* 364 Pa.Super. 311, 528 A.2d 173 (1987).

We also admonish appellant for her derogation of Pa.R.A.P. 2117. Ms. Boyce has included parentheticals in her statement of the argument, including, but not limited to, sarcastic comments regarding opposing counsel, illicit character judgments about the trial judge, and improper legal conclusions. We are confounded that an attorney would take such inappropriate license in briefing her appeal. *See* Pa.R.A.P. 2117(b) (the statement of the case shall not contain any argument; it is the responsibility of the appellant to present in the

640

 Before addressing Boyce's substantive issues on appeal, we must first determine whether the order from which this appeal is taken is properly before us. An appeal may be taken only from a final order which disposes of all claims or of all parties. Pa.R.A.P. 341. The Rules of Appellate Procedure consider orders to be "final and appealable" when the order either disposes of all claims, of all parties, or when the court enters the order upon determining that an immediate appeal would facilitate resolution of the entire case. *See* Pa.R.A.P. 341(b)(1), (b)(3), (c). According to these dictates, the immediate order is not final; the parties to the suit as well as the underlying personal injury claims are still actively pending. In addition, the trial court did not state in the order that an immediate appeal would facilitate resolution of this entire case.

 The instant order compels Ms. Boyce to copy her file and provide such to Mr. Chacker. In the event that she does not comply with this directive, the court has the power to impose upon her a $1,000.00 per day sanction. Our court has held that an adjudication of contempt *without* the imposition of sanctions is interlocutory. *See DeMasi v. DeMasi,* 408 Pa.Super. 414, 597 A.2d 101 (1991), *allocatur denied,* 535 Pa. 619, 629 A.2d 1380 (1993) (finding of contempt which did not execute on sanctions which were imposed but were to take place in the future was not appealable); *Sonder v. Sonder,* 378 Pa.Super. 474, 482 n. 1, 549 A.2d 155, 159 n. 1 (1988) (*en banc*) (a contempt order is interlocutory and unappealable until sanctions are imposed). Additionally, an order which neither makes a present finding of contempt nor imposes sanctions is interlocutory and not appealable. *See Genovese v. Genovese,* 379 Pa.Super. 623, 550 A.2d 1021 (1988).

Presently, the September 18, 1995 order neither holds Boyce in contempt, nor does it impose a fine upon her. Rather, the order merely states the potential for the imposition of sanctions if appellant were to fail to comply with its directives. Because the trial court order neither makes a

statement of the case a balanced presentation of the history of the proceedings and the respective contentions of the parties).

finding of contempt nor imposes sanctions, we find it is not presently appealable. *Genovese, supra; Sonder, supra.*

■ The remainder of the September 18, 1995 order denies Judge Nigro's recusal from the August 4, 1995 hearing. Our court has reaffirmed the fact that orders denying a pre-trial motion to recuse a judge from a case are interlocutory. *See Hahalyak v. Integra Fin. Corp.*, 451 Pa.Super. 171, 678 A.2d 819 (1996) (appeal from order refusing recusal of motions judge quashed; order was neither final nor an interlocutory or collateral order that was immediately appealable); *Commonwealth v. Hall*, 327 Pa.Super. 390, 476 A.2d 7 (1984) (appeal from order denying defendant's *pro se* pre-trial motion to recuse trial judge was improperly filed due to motion's interlocutory and unappealable nature).

Finally, we recognize that our court will consider certain non-final, interlocutory appeals appealable as of right pursuant to the "collateral order doctrine." Pennsylvania Rule of Appellate Procedure 313 states:

> A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Boyce claims that the trial court improperly ordered her to allow Chacker to photocopy her client file. She asserts that she has been deprived of a fundamental property right and that the court should have entered an order ensuring that she would be paid any costs and fees due her from her years of representing plaintiffs. We disagree.

■ We first note that under Pennsylvania law, a client has the absolute right to terminate the attorney-client relationship regardless of any contractual arrangement between the two parties. *Hiscott and Robinson v. King*, 426 Pa.Super. 338, 626 A.2d 1235 (1993), *allocatur denied*, 537 Pa. 641, 644 A.2d 163 (1994). A dismissed attorney may have a valid quantum meruit action against the client. *Fowkes v. Shoemaker*, 443 Pa.Super. 343, 661 A.2d 877 (1995) (*citing Styer v.*

*Hugo,* 422 Pa.Super. 262, 619 A.2d 347 (1993), *affirmed,* 535 Pa. 610, 637 A.2d 276 (1994)); *Dorsett v. Hughes,* 353 Pa.Super. 129, 509 A.2d 369 (1986) (same). Quantum meruit actions against a former client accrue as of the date of the attorney's termination of representation. *Id.* The statute of limitations for a quantum meruit action is four years. *Id.;* 42 Pa.C.S.A. § 5525(4).

■ Pennsylvania Rule of Civil Procedure 1012 states, in part:

> (b) An attorney's appearance for a party may not be withdrawn without leave of court unless another attorney has entered or simultaneously enters an appearance for the party and the change of attorneys does not delay any stage of the litigation.

Additionally, Rule 1.16 of the Rules of Professional Conduct states, in part:

> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where the representation has commenced, shall withdraw from the representation of a client if:
>
> (3) the lawyer is discharged.

The trial court docket, in the present case, reveals that on April 18, 1995, the prothonotary entered the appearance of Edward F. Chacker, Esquire, on behalf of the plaintiffs. The reproduced record evidences two letters, addressed to Ms. Boyce from Mr. Chacker, stating that the plaintiffs had sent Boyce a letter terminating her services. Unfortunately, we are without any other documentation in the original record certifying that Boyce has withdrawn from the case. Despite this lack of information, the facts of this case, in conjunction with the above-cited rules, compel us to conclude that the plaintiffs have effectively terminated Boyce's representation. Consequently, we find that appellant has a cause of action against plaintiffs to recover any fees which she is rightfully due from her many years of work on the present case. *Fowkes, supra.*

■ Boyce's claim against plaintiffs accrued as of the date of her termination—April 18, 1995. She has four years from April 18, 1995, or, until April 18, 1999, within which to bring her action against plaintiffs. 42 Pa.C.S.A. § 5525(4). As such, we cannot classify this appeal as one which fits within the confines of the collateral order doctrine. The present appeal does not involve a question which, if review is postponed until final judgement in the case, will be irreparably lost; appellant's quantum meruit claim will remain viable for virtually three more years. Pa.R.A.P. 313(b). *See generally DiLucido v. Terminix Int'l, Inc.,* 450 Pa.Super. 393, 676 A.2d 1237 (1996) (case conducting a collateral order doctrine analysis based upon Pa.R.A.P. 313 since the 1992 amendments to the Rules of Appellate Procedure).

Finding that the present order is interlocutory and unappealable and not a collateral order, we need not address Boyce's substantive issues. We, therefore, quash the appeal.

Appeal quashed.

BECK, J., files a dissenting statement.

BECK, Judge, dissenting:

I must dissent from the majority's decision to quash the instant appeal. According to our Internal Operating Procedures, the full court's prior orders denying motions to quash or dismiss an appeal "shall be deemed to be the law of the case." I.O.P. 302 H; Majority Opinion at 636–637 n. 1. Because I cannot agree with the majority's decision to overrule the Internal Operating Procedures, I believe we should decide the merits of the appeal.