

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2002

# Elliott Reihner v. PA Empl Benefit

Precedential or Non-Precedential:

Docket 1-2042

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

## Recommended Citation

"Elliott Reihner v. PA Empl Benefit" (2002). *2002 Decisions.* Paper 146.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/146

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2042
_____

ELLIOTT REIHNER SIEDZIKOWSKI & EGAN, P.C.,
                                        Appellant

v.

THE PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND;
THOMAS G. PAESE
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-04036
District Judge:  The Honorable James T. Giles
_____

Argued February 5, 2002
_____

Before: BECKER, Chief Judge, McKEE, and BARRY, Circuit Judges

(Opinion Filed:   February 27, 2002)
_____


Mark J. Schwemler, Esq. (Argued)
Elliott Reihner Siedzikowski & Egan, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422-3010

Attorneys for Appellant


Edwin L. Klett, Esq.  (Argued)
Klett Rooney Lieber & Schorling
One Oxford Centre, 40th Floor
Pittsburgh, PA 15219-6498
     AND
R. Nicholas Gimbel, Esq.
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
Philadelphia, PA 19103-2756

Attorneys for Appellee Pennsylvania Employees Benefit Trust Fund

John G. Harkins, Jr., Esq. (Argued)
David J. Creagan, Esq.
Harkins Cunningham
2800 One Commerce Square
2005 Market Street
Philadelphia, PA 19103-7042

Attorneys for Appellee Thomas G. Paese


Eric Kraeutler, Esq.
Christin L. Bassett, Esq.
Morgan, Lewis & Bockius
1701 Market Street
Philadelphia, PA 19103

Attorneys for Appellee Independence Blue Cross

Steven J. Fram, Esq.
Archer & Greiner
One Centennial Square
East Euclid Avenue
P.O. Box 3000
Haddonfield, NJ 08033-0968

Attorneys for Capital Blue Cross


Patrick J. O'Connor, Esq.
Aaron Krauss, Esq.
Cozen O'Connor
The Atrium
1900 Market Street
Philadelphia, PA 19103

Attorneys for Appellee Blue Cross of Northeastern Pennsylvania

_____

MEMORANDUM OPINION
_____

BARRY, Circuit Judge

Appellant Elliott Reihner Siedzikowski & Egan, P.C. ("ERSE") appeals the
District Court's orders granting the motions to dismiss and to stay discovery of
defendants the Pennsylvania Employees Benefit Trust Fund ("PEBTF") and Thomas G.
Paese and the motion to intervene and for a protective order of Independence Blue Cross,
Capital Blue Cross, and Blue Cross of Northeastern Pennsylvania (collectively "Blue
Cross"). We have jurisdiction pursuant to 28 U.S.C. 1291 and will affirm.

Because we write only for the parties who well understand the procedural history
and facts of the case, we will not repeat them except as necessary to provide context.
Instead, we will move directly to ERSE's primary contention that the statute of
limitations does not bar the three causes of action contained in its complaint   (1) First
Amendment violation; (2) breach of contract; and (3) intentional interference with
contractual relations.

I.

The first count of the complaint seeks relief under 42 U.S.C. 1983 for a violation
of ERSE's First Amendment right to free speech. ERSE asserts that this claim is not

time-barred. It is mistaken. Section 1983 claims are governed by the relevant state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); McDowell v. Delaware State Police, 88 F.3d 188, 190 (3d Cir. 1996). In Pennsylvania, the statute of limitations for personal injury actions is two years and begins running when the cause of action accrues. 42 Pa. Cons. Stat. Ann. 5524(2) (West 1981 & Supp. 2001); S.T. Hudson Engineers, Inc. v. Camden Hotel Dev. Assocs., 747 A.2d 931, 934 (Pa. Super. Ct. 2000). The question as to when a section 1983 action accrues is, however, one of federal law. Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). Under federal law, the statute of limitations begins to run "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

Here, ERSE's section 1983 action accrued over five years before the complaint was filed in the District Court and, thus, is barred by the two-year statute of limitations. Defendants allegedly violated ERSE's First Amendment right to free speech when they "retaliated" against ERSE for a letter it sent to PEBTF on April 21, 1995, which warned that political interests were compromising the Blue Cross matter. A month after the letter was sent, PEBTF terminated ERSE. It was at this moment, May 24, 1995, that any First Amendment right to free speech was violated and that ERSE suffered injury.

ERSE counters that the unconstitutional retaliation occurred when PEBTF withheld an earned contingent fee and that this fact was not discoverable before September 1998 because defendants actively concealed information about the settlement with Blue Cross. This argument does not rescue ERSE from the statute of limitations. ERSE possessed in 1995 facts essential to a First Amendment retaliation claim. See United States v. Kubrick, 444 U.S. 111, 122 (1979) (statute of limitations runs once a plaintiff possesses "the critical facts that he has been hurt and who has inflicted the injury"). ERSE knew it had exercised its First Amendment right to free speech by

sending the letter. ERSE also knew that PEBTF had terminated it because of the letter. On May 24, 1995, therefore, ERSE possessed the information necessary to file an action under 42 U.S.C. 1983 for violation of its First Amendment right to free speech, and a jury could have calculated appropriate damages. Accordingly, ERSE's section 1983 action accrued more than two years before the complaint was filed and is barred by the statute of limitations.

## II.

Similarly, ERSE's second claim, against PEBTF only, for breach of contract is barred by the statute of limitations. ERSE contends that PEBTF breached the fee agreement when it refused to pay an earned contingent fee. Although ERSE attempts to characterize its claim as one for breach of contract, it is in fact a claim for quantum meruit. In Pennsylvania, it is well-established that a client has an absolute right to terminate an attorney at any time for any reason, regardless of any contract. Kenis v. Perini Corp., 682 A.2d 845, 849 (Pa. Super. Ct. 1996); Hiscott & Robinson v. King, 626 A.2d 1235, 1237 (Pa. Super. Ct. 1993). The dismissed attorney's remedy is a quantum meruit action to recover the value of services rendered. Novinger v. E.I. DuPont de Nemours & Co., Inc., 809 F.2d 212, 218 (3d Cir. 1987); Kenis, 682 A.2d at 849; Hiscott & Robinson, 626 A.2d at 1237; Sundheim v. Beaver County Bldg. & Loan Assoc., 14 A.2d 349, 351 (Pa. Super. Ct. 1940). The statute of limitations for a quantum meruit action is four years. 42 Pa. Cons. Stat. Ann. 5525(4) (West 1981 & Supp. 2001); Kenis, 682 A.2d at 849; Fowkes v. Shoemaker, 661 A.2d 877, 880 (Pa. Super. Ct. 1995). A quantum meruit action accrues on the date of the attorney's termination. Kenis, 682 A.2d at 849; Fowkes, 661 A.2d at 880. Under these well-recognized principles, ERSE's action against PEBTF for legal fees arose on May 24, 1995, the date of its termination, and is time-barred.

ERSE attempts to avoid this result by arguing that PEBTF and Blue Cross intentionally conspired to cheat it out of its contingent fee and that under these conditions a discharged attorney may recover the full fee on a breach of contract theory. We

recognize that under Pennsylvania law a breach of contract action for contingent fees may lie when "a collusive and fraudulent settlement is made for the purposes of defrauding an attorney out of his fees." Paul v. Horton, No. CIV.A. 95-5791, 1996 WL 297572, at *8 (E.D. Pa. May 22, 1996); see also Bennett v. Sinclair Nav. Co., 33 F. Supp. 14, 17 (E.D. Pa. 1940). However, we do not read the complaint as alleging that PEBTF and Blue Cross conspired to defraud ERSE out of its fees. Although the complaint clearly alleges that PEBTF terminated ERSE for political reasons, it does not allege a factual scenario in which, as in Bennett, PEBTF was on the verge of settling with Blue Cross through ERSE, but settled on its own in order to avoid paying ERSE its contingent fee. See also Paul, 1996 WL 297572, at *8 (denying contingent fees to terminated lawyer where settlement was not near conclusion at time of termination).

Moreover, ERSE alleges no facts indicating that it had taken substantial steps towards settling the Blue Cross matter before it was terminated. See id. at *8 (denying contingent fees to terminated lawyer where the attorney's services had not contributed to the settlement). Indeed, ERSE did not even allege that it ever contacted counsel for Blue Cross, much less held negotiations with them. ERSE's work consisted solely of preparing a draft of a complaint. In light of these factors, ERSE's claim cannot be considered a claim for breach of contract, but rather as one for quantum meruit, and is therefore barred by the statute of limitations.

### III.

ERSE's last claim, against Paese only, for intentional interference with contractual relations is also barred by the statute of limitations. The statute of limitations in Pennsylvania for the tort of interference with contractual relations is two years. 42 Pa. Cons. Stat. Ann. 5524(3) (West 1981 & Supp. 2001); Bednar v. Marino, 646 A.2d 573, 577 (Pa. Super. Ct. 1994); Torchia v. Keystone Foods Corp., 635 A.2d 1082, 1086 (Pa. Super. Ct. 1993). The cause of action accrues "as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations." Pocono Int'l Raceway, Inc. v. Pocono Produce,

Inc., 468 A.2d 468, 471 (Pa. 1983). In other words, the statute of limitations commences upon the defendant's first act interfering with the contract. Dellape v. Murray, 651 A.2d 638, 640 (Pa. Commw. Ct. 1994); Eagan v. U.S. Expansion Bolt Co., 469 A.2d 680, 681 (Pa. Super. Ct. 1983).

On the facts alleged in the complaint, ERSE should have first become aware of Paese's interference with the PEBTF contract when it received a draft of Paese's tolling agreement on January 25, 1995. This agreement was negotiated by Paese without ERSE's knowledge or assistance. If this act was not enough to notify ERSE of Paese's interference, certainly Paese's transmittal of a final copy of the tolling agreement was more than enough; indeed, ERSE itself contends that the tolling agreement severely undermined PEBTF's ability to obtain maximum recovery from Blue Cross. Paese's interference was even more evident at the March 10, 1995 meeting where he allegedly explicitly acknowledged that he would not allow PEBTF to maximize recovery due to outside political interests. And, at the very latest, ERSE should have realized on May 24, 1995 that Paese was frustrating its contract with PEBTF when it received a letter stating that the "litigation committee" was terminating ERSE's representation. At that point, ERSE suffered concrete and substantial harm, i.e., it lost the contract and any contingent fees therefrom. Clearly, a cause of action for intentional interference with contractual relations, if one indeed existed, accrued no later than May 24, 1995, and is time-barred.

IV.

In sum, ERSE's claims are barred by the relevant statutes of limitations. Accordingly, we will affirm the District Court's order dismissing the complaint.

TO THE CLERK OF THE COURT:
Kindly file the foregoing Memorandum Opinion.

/s/ Maryanne Trump Barry
Circuit Judge