J-S64028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MATTHEW I. KURZWEG, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HENRY MILLER, | |
| Appellee | No. 630 WDA 2014 |

Appeal from the Order October 7, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-04-411

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:            **FILED NOVEMBER 7, 2014**

Matthew L. Kurzweg appeals from the order entered October 7, 2013, overruling preliminary objections raised against Henry Miller's amended complaint.[1]  We reverse.

Appellee Henry Miller and Appellant Matthew Kurzweg are Pittsburgh-based attorneys.  A dispute between them arose when Appellee claimed Appellant owed him a contingent fee earned for prior legal work.

_____

[1] This Court granted Kurzweg's petition for review brought pursuant to Pa.R.A.P. 1311(b).  **See** Order of Court, No. 137 WDM 2013 (Apr. 22, 2014). Thereafter, the case was transferred to the current docket.

In 1997, Janice Miller hired Appellee to represent her in a potential medical malpractice case.[2] Appellee initiated the case on her behalf by writ of summons and, thereafter, filed a complaint in December 1999. In January 2002, Ms. Miller discharged Appellee, allegedly the result of machinations orchestrated by Ms. Miller, Appellant, and his secretary, Kathie McBride. Appellant entered his appearance on behalf of Ms. Miller in February 2002. In September 2003, Appellant settled the case on Ms. Miller's behalf and subsequently collected a contingent fee. Appellee demanded payment of some portion of the fee at various times, but Appellant did not acquiesce.

Appellee commenced the current matter by writ of summons in January 2004. Eventually in 2012, Appellee filed a complaint and, thereafter, an amended complaint, pleading six counts against Ms. Miller, Appellant, and Ms. McBride, and seeking the entire contingent fee from the malpractice case. In July 2013, the trial court dismissed for *non pros* five of the six counts pleaded.[3] The only remaining claim alleged unjust enrichment against Appellant.

_____

[2] It does not appear from the record that Henry Miller and Janice Miller are related.

[3] On August 13, 2013, Appellee timely filed a motion to reconsider entry of *non pros*, which the trial court denied on September 9, 2013. In light of our order reversing the dismissal of Appellant's preliminary objections, and the
*(Footnote Continued Next Page)*

Appellant filed preliminary objections in the nature of a demurrer. **See** Pa.R.C.P. 1028(a)(4). The trial court denied those objections. Appellant petitioned the court to certify that its order denying Appellant's preliminary objections involved a controlling question of law as to which there is a substantial ground for difference of opinion, but the trial court denied his petition. Nevertheless, this Court granted Appellant's petition for review and issued a stay pending this appeal. **See supra**, n.1.

Appellant raises the following question:

Whether the Court of Common Pleas of Allegheny County erred in overruling Appellants's [*sic*] Preliminary Objections, pursuant to Pa.R.C.P. 1028(a)(4), to a discharged attorney's claim of unjust enrichment against a successor attorney who replaced the discharged attorney and who collected a contingent legal fee as a result of settlement of the client's case.

Appellant's Brief, at 3.

We apply the following standard:

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases

*(Footnote Continued)* ───────────────

lifting of the stay pending appeal, Appellee may now appeal the denial of his motion for reconsideration of entry of *non pros*.

- 3 -

in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Richmond v. McHale*, 35 A.3d 779, 783 (Pa. Super. 2012) (quoting *Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011)).

According to Appellant, Pennsylvania does not recognize a claim in unjust enrichment, or *quantum meruit*, brought by a former attorney against a subsequent attorney, citing in support *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, PC*, 95 A.3d 893 (Pa. Super. 2014) (*Meyer Darragh*). We agree.

In *Meyer Darragh*, an attorney representing an estate in a wrongful death action left his firm to join another, taking with him the wrongful death litigation file. *Meyer Darragh*, 95 A.3d at 895. Thereafter, the attorney's new firm began to represent the estate. *Id.* The case settled, and a contingency fee was paid to the new firm. *Id.* The attorney's original firm initiated litigation, claiming *quantum meruit* against both the estate and the new firm, and the trial court entered a verdict in its favor against both defendants. *Id.* at 896.

On appeal, a panel of this Court stated:

It is well-settled that a client may terminate his relation with an attorney at any time, notwithstanding a contract for fees, but if he does so, thus making the performance of the contract impossible, the attorney is not deprived of his right to recover on a *quantum meruit* a proper amount for the services he has rendered. *Quantum meruit* is an equitable remedy. It is defined

- 4 -

as 'as much as deserved' and measures compensation under an implied contract to pay compensation as reasonable value of services rendered. *Quantum meruit* and 'reasonable value of services' are virtually interchangeable phrases.

*There is no Pennsylvania appellate court case holding that an attorney who initially represents a client and is dismissed can maintain a quantum meruit action against the attorney who ultimately settles the case. Rather, the initial attorney has to proceed against the client.*

*Id.* (emphasis added) (citations omitted; internal quotation marks and other punctuation omitted); *see also Mager v. Bultena*, 797 A.2d 948 (Pa. Super. 2002), *appeal denied*, 814 A.2d 678 (Pa. 2002); *Fowkes v. Shoemaker*, 661 A.2d 877 (Pa. Super. 1995), *appeal denied*, 674 A.2d 1072 (Pa. 1996); *Styer v. Hugo*, 619 A.2d 347 (Pa. Super. 1993), *affirmed*, 637 A.2d 276 (Pa. 1994). The panel concluded, "Until our [S]upreme [C]ourt holds otherwise, we will not recognize a claim for *quantum meruit* by a former attorney against a subsequent attorney." *Meyer Darragh*, 95 A.3d at 898. The panel then vacated the judgment entered. *Id.* at 895.

Based upon this authority, we discern no legal basis for Appellee's claim. Moreover, Appellee's arguments acknowledge this to be so. *See, e.g.*, Appellee's Brief, at 7 (suggesting that the current state of the law in Pennsylvania is "neither logical nor fair"); at 8 ("The court *should adopt* a restitutionary approach to this type of case and allow a predecessor attorney in a contingent fee case to proceed against his successor.") (emphasis added); at 17 (citing in support, *Ruby v. Abington Mem'l Hosp.*, 50 A.3d 128 (Pa. Super. 2012), a case in which this Court analyzed *an employment*

*contract dispute*, not a *quantum meruit* action, between an attorney and his former firm, ***see Ruby***, 50 A.3d at 130). Accordingly, we reverse the order of the trial court.

Order reversed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/7/2014