J-S58006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALEB KENYON RAMEY, | |
| Appellant | No. 814 WDA 2013 |

Appeal from the Judgment of Sentence November 5, 2012
in the Court of Common Pleas of Washington County
Criminal Division at No.: CP-63-CR-0002491-2011

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 7, 2014**

Appellant, Caleb Kenyon Ramey, appeals from the judgment of sentence following his jury conviction of rape of a child, 18 Pa.C.S.A. § 3121(c); involuntary deviate sexual intercourse with a child, 18 Pa.C.S.A. § 3123(b); aggravated indecent assault of a child, 18 Pa.C.S.A. § 3125(b); indecent assault (complainant less than thirteen years of age), 18 Pa.C.S.A. § 3126(a)(7); indecent exposure, 18 Pa.C.S.A. § 3127(a); endangering welfare of children, 18 Pa.C.S.A. § 4304(a)(1); recklessly endangering another person, 18 Pa.C.S.A. § 2705; unlawful restraint, 18 Pa.C.S.A. § 2902; false imprisonment, 18 Pa.C.S.A. § 2903; and terroristic threats, 18

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pa.C.S.A. § 2706.[1]  Appellant challenges various evidentiary rulings, the trial court's decision not to remove certain jurors, and the weight and sufficiency of the evidence for all convictions.  He also claims the sentence was excessive.  We affirm on the basis of the trial court opinion.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  (**See** Trial Court Opinion, 1/17/14, at 1-9).  Therefore, we have no reason to restate them in detail here.  We note briefly for context that Appellant's jury conviction arose out of his forcible restraint and sexual assaults of D.R., the victim, then seven years of age, from July to September 2011.  Following the death of both of her parents, D.R. and her brother resided with various friends and family, including Appellant and his family, and eventually in foster care.  D.R. disclosed the sexual assaults by Appellant to her former and current foster parents, as well as to her therapist.

After his jury conviction, on November 5, 2012, the court sentenced Appellant to an aggregate term of not less than thirty four years' nor more

---

[1] Appellant erroneously appeals from the "order" entered on May 17, 2012. (**See** Notice of Appeal, 5/09/13).  May 17, 2012, was the date of the jury verdict.  An appeal in a criminal matter is taken from the judgment of sentence as finalized by the denial of a post-sentence motion.  **See Commonwealth v. Borovichka**, 18 A.3d 1242, 1246 n.1 (Pa. Super. 2011) (citing **Commonwealth v. Chamberlain**, 658 A.2d 395 (Pa. Super. 1995) (order denying post-sentence motion acts to finalize judgment of sentence; thus, appeal is taken from judgment of sentence)).  We have amended the caption accordingly.

than sixty-eight years' incarceration. This timely appeal followed the denial of Appellant's post-sentence motion by operation of law.

Appellant raises ten questions for our review:

I. Did the trial court err in denying [Appellant's] motion to review the accuser's Fayette County CYS records *in toto*?

II. Did the trial court err in denying [Appellant's] motion to evaluate the accuser?

III. Did the trial court err by not removing several jurors for cause when prejudice was revealed?

IV. Did the trial court err by denying [Appellant] due process by scheduling trial for a time when the accuser's psychologist was on vacation which rendered her unavailable for trial?

V. Did the trial court err when it denied [Appellant] the opportunity to present evidence of multiple prior and concurrent false accusations of the same or similar acts?

VI. Did the trial court err by allowing witnesses subsequent to accuser to give hearsay testimony as to statements made by accuser?

VII. Did the trial court err when it denied, by operation of law, [Appellant's] request for a new trial based upon after discovered evidence of accuser's sworn testimony that contradicts her testimony at trial?

VIII. Did the Commonwealth present sufficient evidence to sustain the verdict of guilty for each count, including: 1. rape of a child; 2. involuntary deviate sexual intercourse; 3. aggravated indecent assault of a child; 4. indecent assault on a person less than thirteen years of age; 5. indecent exposure; 6. endangering welfare of children; 7. recklessly endangering another person; 8. unlawful restraint/involuntary servitude; 9. false imprisonment; and 10. terroristic threats?

IX. Was the verdict of guilty entered against the weight of the evidence on each count, including: 1. rape of a child; 2.

involuntary deviate sexual intercourse; 3. aggravated indecent assault of a child; 4. indecent assault of a person less than thirteen years of age; 5. indecent exposure; 6. endangering welfare of children; 7. recklessly endangering another person; 8. unlawful restraint/involuntary servitude; 9. false imprisonment; and 10. terroristic threats?

X.    Did the trial court abuse its discretion when it sentenced [Appellant] to an aggregate period of incarceration of thirty-four (34) years to sixty-eight (68) years?

(Appellant's Brief, at 5-6).[2]

Preliminarily, we are reminded of the observation by the Honorable Ruggero J. Aldisert, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, that this Court has previously cited in *Kenis v. Perini Corp.,* 452 Pa. Super. 634, 682 A.2d 845 (1996), as well as other cases:

When I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that it is an irrebuttable presumption, but it is a presumption that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.

*Id.* at 847 n.3 (citations omitted); *see also Commonwealth v. Snyder*, 870 A.2d 336, 340 (Pa. Super. 2005) ("[T]he effectiveness of appellate advocacy may suffer when counsel raises numerous issues, to the point where a presumption arises that there is no merit to any of them.") (citations omitted).

*J.J. DeLuca Co., Inc. v. Toll Naval Associates*, 56 A.3d 402, 409-10 (Pa. Super. 2012).

_____

[2] The Commonwealth received a requested extension, but did not file a brief in this appeal.

After a thorough review of the record, Appellant's brief, the applicable law, and the well-reasoned, thorough opinion of the Honorable John F. DiSalle, we conclude that there is no merit to any of the issues Appellant has raised on appeal. The trial court opinion properly disposes of all of the questions presented.[3] (*See* Trial Ct. Op., at 10-45) (finding that the trial court: (1) properly protected confidentiality of child-abuse investigations, after *in camera* review; (2) properly denied the defense request for psychological evaluation of victim by a defense expert; (3) properly denied a challenge to certain jurors for cause where the jurors on questioning by the court agreed they could render a fair, impartial and unbiased verdict; (4) did not deny due process in scheduling trial while the victim's psychologist was on vacation, where there was no contemporaneous objection, or request for continuance, and after review of the entire record, the court found no basis for reasonable doubt of Appellant's guilt, such that psychologist's testimony would not have affected the outcome of the trial; (5) properly applied Rape Shield Law where Appellant failed to comply with 18 Pa.C.S.A. § 3104(b), requiring written motion and offer of proof of victim's past sexual conduct; (6) properly admitted alleged hearsay statements where Appellant failed to offer contemporaneous objection; (7) properly denied a new trial on a claim

_____

[3] We note that Judge DiSalle, the author of the trial court opinion, did not preside at the trial. The Honorable Paul Pozonsky, who presided at the jury trial, retired on June 30, 2012. (*See* Trial Ct. Op., at 1 n.1).

of after discovered evidence where Appellant failed to offer necessary and appropriate details of the alleged independent proceeding, and the purported evidence would have been introduced solely for impeachment; (8) properly decided that the evidence viewed in the light most favorable to the Commonwealth was sufficient to prove all elements of all offenses charged; (9) properly rejected the challenge to weight of evidence where the victim and other Commonwealth witnesses were credible and the jury verdict did not shock the conscience of the trial court; and (10) properly determined sentence was not excessive where sentence was within Sentencing Guidelines, sentence was not the product of partiality, prejudice, bias or ill will, and the sentencing court found several aggravating factors, including tender age of victim, Appellant's position of trust as a caregiver, his lack of remorse, and his blame of the government). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Gantman, P.J., joins the Memorandum.

Bender, P.J.E., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/7/2014