J-A24001-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| S.K. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appellant | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| C.K. | : | No. 1311 EDA 2022 | |

Appeal from the Order Entered April 25, 2022
In the Court of Common Pleas of Delaware County Civil Division at
No(s): 2017-005758

BEFORE: PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED NOVEMBER 22, 2022**

S.K. (Father) appeals from the trial court's Amended Custody Order, dated April 18, 2022, and entered on April 25, 2022, that awarded primary physical custody of the parties' three children to C.K. (Mother) with Father awarded partial physical custody every other weekend from Friday to Monday during the school year. During the summer, the parties were awarded shared physical custody on an alternating week-to-week schedule. The parties were awarded joint legal custody. For the reasons that follow, we conclude that Father's issues are waived and, therefore, we affirm.

Mother and Father were married in 2004 and divorced in 2017. They are the parents of Ad.K. and Ar.K., twins born in December of 2011, and L.K., born in January of 2014. This most recent litigation was initiated by Father's filing of a Petition to Modify Custody on January 29, 2021. Following the hearings held on August 2, 2021, August 3, 2021, November 9, 2021, and

December 20, 2021, the trial court issued the order now on appeal. In addition to the April 25, 2022 order, the court filed a document entitled, "Findings of Fact and Conclusions of Law in Support of Amended Final Custody Order," which was dated April 18, 2022. That document set forth the court's analysis of the sixteen factors listed in 23 Pa.C.S. § 5328(a), which must be considered when entering a custody order.

Upon receipt of the custody order, Father filed a timely appeal, accompanied by a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i), which requires that in a children's fast track appeal "[t]he concise statement of errors complained of on appeal shall be filed and served with the notice of appeal." However, Father's eight-page concise statement contains forty-one (41) issues, which does not comply with the requirements as set forth in Pa.R.A.P. 1925(b)(4). Therefore, based upon the following, we conclude that no issues were preserved for appellate review.

> In **Commonwealth v. Lord**, … 719 A.2d 306 (Pa. 1999), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pennsylvania Rule of Appellate Procedure] 1925." **Lord**, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived." **Id**. This Court explained in **Riley v. Foley**, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." **Commonwealth v. Dowling**, 778 A.2d 683, 686-87 (Pa. Super. 2001). "Even if the trial court correctly

guesses the issues [a]ppellants raise[] on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2002).

***Kanter v. Epstein***, 866 A.2d 394, 400 (Pa. Super. 2004).

Here, the trial court included the following footnote in its opinion in response to Father's concise statement:

This trial court reminds counsel of the observation by the Honorable Ruggero Aldisert, Senior Circuit Judge of the United States Court of Appeals for the Third Circuit, that this Court has previously cited in ***Kenis v Perini Corp.***, … 682 A.2d 845 ([Pa. Super.] 1996), as well as other cases: "When I read an appellant's brief that contains ten or twelve points, a presumption arises that there is no merit to any of them. I do not say that it is an irrebuttable presumption, but it is a presumption that reduces the effectiveness of appellate advocacy. Appellate advocacy is measured by effectiveness, not loquaciousness.["] ***Id.*** at 847 n.3; ***see also Commonwealth v Snyder***, 870 A.2d 336, 340 (Pa. Super. 2005) ("The effectiveness of appellate advocacy may suffer when counsel raises numerous issues, to the point where a presumption arises that there is no merit to any of them.")[;] ***J.J. DeLuca Co., Inc. v. Toll Naval Associates***, 56 A.3d 402, 410 (Pa. Super. 2012).[] ***See also Commonwealth v Briggs***, 12 A.3d 291, 343 (Pa. 2011) ("The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.").

The Pennsylvania Superior Court has long recognized that: "Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Kanter*** … 866 A.2d [at] 400…. "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P.1925(b)(4)(ii). However, the filing of a timely Rule 1925(b) statement alone "does

not automatically equate with issue preservation." ***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa. Super. 2007), *affirmed*, 977 A.2d 1170 (Pa. 2009). In ***Tucker***, we explained: "[T]his Court has held that when appellants raise an outrageous number of issues in their 1925(b) statement, the appellants have deliberately circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues [they] now seek to raise. We have further noted that such voluminous statements do not identify the issues appellants actually intend to raise on appeal…. Further, this type of extravagant 1925(b) statement makes it all but impossible for the trial court to provide a comprehensive analysis of the issues." ***Id.*** at 346 (citations and internal quotation marks omitted; brackets in original). Thus, "the Pa.R.A.P. 1925(b) statement must be sufficiently concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." ***Jiricko v. Gelco Tns. Co.***, 947 A.2d 206, 210 (Pa. Super. 2008)…. ***See Kanter***, 866 A.2d at 401 (finding issues in Rule 1925(b) statements waived where the court determined that "outrageous" number of issues was deliberate attempt to circumvent purpose of Rule 1925). "Even if the trial court correctly guesses the issues Appellant raises on appeal and writes an opinion pursuant to that supposition the issue[s] [are] still waived." ***Id.*** at 400 (quoting ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2002)).

Trial Court Opinion (TCO), 6/30/2022, at 1-2 n.1.

We agree with the trial court's conclusion that all of Father's issues are waived in that his concise statement of errors fails to meet the requirements, being neither concise in length nor in specific of alleged errors. ***See Satiro v. Maninno***, 237 A.3d 1145, 1151 (Pa. Super. 2020) (finding waiver of all issues where the Rule 1925(b) statement identified twenty-nine issues, declaring the issues on appeal were "so voluminous and vague" that the trial court was forced to guess at what they are and "there can be no meaningful appellate review"); ***Jones v. Jones***, 878 A.2d 86, 90 (Pa. Super. 2005)

(concluding that all of wife's issues were waived after determining wife "attempted to overwhelm the trial court" by filing a seven-page Rule 1925(b) statement identifying twenty-nine issues and that wife's conduct "breache[d] her duty of good faith and fair dealing with the court and constituted a course of misconduct which is designed to 'undermine the Rules of Appellate Procedure'") (quoting **Kanter**, 866 A.2d at 402).

However, despite our agreement with the trial court's conclusion that all issues are waived, our review also included the trial court's alternative discussion of all forty-one issues listed by Father in his concise statement. Having considered the certified record, the parties' briefs, the applicable law, and the well-reasoned opinion authored by the Honorable Atinuke B. Moss, of the Court of Common Pleas of Delaware County, dated June 30, 2022, we would conclude that Judge Moss's opinion properly disposed of what we deem to be the apparent issues presented, and we would adopt the trial court's opinion in that regard if Father had not waived all of his issues for our review.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/22/2022